## GILLESPEY, Sheriff, v. DENNY.

No. 11642—Opinion Filed May 15, 1923.

(Syllabus.)

**1. Intoxicating Liquors—Forfeiture of Property Unlawfully Used—Replevin by Mortgagee—Burden of Proof.**

In a replevin action filed by the owner of a chattel mortgage covering property which had been seized by the sheriff while used in the unlawful transportation of whisky, proof that the mortgage was executed to secure a note given for a portion of the purchase price and the introduction of the mortgage in evidence made out a prima facie case in favor of the plaintiff, and the burden of proof was upon the defendant to show that the debt had been liquidated in payment or otherwise.

**2. Same—Nature of Proceeding to Forfeit Vehicle—Validity of Judgment—Replevin by Mortgagee.**

Proceedings to forfeit vehicles used in the unlawful transportation of intoxicating liquors brought under section 7023, Comp. Stat. 1921, should be tried and determined as civil cases, and a judgment rendered by the county judge at a time when the county court was not in session was void, and was no defense in an action brought by the holder of a chattel mortgage covering the property confiscated.

Error from District Court, Nowata County; C. W. Mason, Judge.

Replevin by G. H. Denny against W. F. Gillespey, as sheriff of Nowata County. Judgment for plaintiff, and defendant brings error. Affirmed.

C. F. Gowdy and A. T. Anglin, for plaintiff in error.

J. Wood Glass and Floyd A. Calvert, for defendant in error.

COCHRAN, J. The sheriff of Nowata county seized one Haynes automobile, the property of F. C. Miller, while the same was being used for the purpose of unlawfully transporting whisky in Nowata county, and on the 30th day of January, 1919, the county court of Nowata county entered a judgment confiscating the automobile to the state. On February 6, 1919, G. H. Denny, defendant in error, filed a replevin suit in the district court of Nowata county against the sheriff for the possession of the automobile, claiming a special ownership in the same by reason of a chattel mortgage executed to him by F. C. Miller securing a note for $850. Judgment was rendered for the defendant in error, and the sheriff of Nowata county has prosecuted this appeal.

The plaintiff in error complains of the judgment of the trial court on the ground that there was insufficient evidence showing that defendant in error was the holder of a valid mortgage upon the property in controversy and that such mortgage secured a valid existing debt, and, further that there was no testimony showing that the debt secured by the mortgage was due and unpaid. It was further contended that defendant in error was bound by the judgment rendered by the county court of Nowata county confiscating the automobile.

A certified copy of the mortgage held by the defendant in error was introduced in evidence, which covered the automobile in controversy and recited that it was given to secure one note for $850 payable one day after date, which was October 26, 1918. The testimony further showed that defendant in error had sold the automobile to F. C. Miller, and the mortgage was taken as security for a portion of the purchase price. The introduction of the mortgage made out a prima facie case in favor of the plaintiff. Its execution implied a consideration and that consideration exists until it is shown that it was liquidated in payment or otherwise. Mills v. Lumber Co., 26 Kan. 575; Hardwick v. Atkinson, 8 Okla. 608, 58 Pac. 747.

As to the judgment of confiscation rendered by the county court, the evidence disclosed that the county court was not in session at the time this judgment was rendered; that the order had been entered adjourning the court from the 28th day of January to March 3, 1919, and the court was not reconvened between those dates. As said in American Fire Ins. Co. of Philadelphia v. Pappe, 4 Okla. 110, 43 Pac. 1085:

"There is a well-defined distinction between the act of a judge and the act of a court. The law has placed the jurisdiction to pronounce judgment in a court, not in a judge."

In Keeter v. State, 82 Okla. 89, 198 Pac. 866, the third paragraph of the syllabus is as follows:

"In an action for the forfeiture of property under chapter 188, Laws 1917, wherein the claimant of said property, or party interested in the same, files proper pleading, raising an issue of fact sufficient to constitute a defense to a right of the state to forfeit said property, such property is entitled to a jury trial, and it being provided in said act that the court may determine said action as a civil case authorizes the court to proceed with said cause as provided for the trial of any other civil action."

Therefore, the judgment rendered by the judge of the court at a time when the court was not in session was void.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.