COMMERCIAL CREDIT COMPANY OF GEORGIA v. JOHNSON, sheriff.

HILL, J. Section 20 of the act of 1917 (Acts Ex. Sess. 1917, pp. 7, 16), providing for condemnation of vehicles and conveyances of all kinds, which are used on any of the public roads or private ways of this State, declares that such vehicles and conveyances being so used "shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city, or superior court having jurisdiction in the county where the seizure was made." The act further provides for proceedings by petition to the court to be instituted within ten days and for service of a copy of the petition upon "the owner or lessee if known, and, if the owner or lessee is unknown," for service of notice by publication, and that if no defense is filed within thirty days judgment by default may be entered at chambers, but if a defense is filed "the case shall proceed as other civil cases in said court." The statute further provides that should it appear upon the trial of the case that the vehicle or conveyance was so used "with the knowledge or

consent of the owner or lessee, the same shall be sold by order of the court after such advertisement as the court may direct." The statute does not contain any provision authorizing the owner or lessee of the vehicle or conveyance seized under the provisions of the statute to replevy and take possession of the property by giving a bond of any description to the sheriff after the property has been seized. *Held:*

1. Where a sheriff seizes an automobile which was being used in the transportation of intoxicating liquors, and proceedings are instituted for its condemnation, under the provisions of the foregoing statute, there is no provision of law for an owner or lessee of the property to replevy and take possession of the same by giving a bond of any description; and the sheriff is not under any legal duty to surrender the automobile to a person who intervenes as an owner in condemnation proceedings and tenders a replevy bond for the forthcoming of the property.

2. The judge did not err in refusing the intervenor's application for a writ of mandamus against the sheriff, to require him to accept a replevy bond.　　　　　*Judgment affirmed. All the Justices concur.*

No. 6134. MAY 16, 1928.

Petition for mandamus. Before Judge Hutcheson. Newton superior court. June 28, 1927.

*William T. Dean* and *William C. Henson,* for plaintiff.

*Reuben M. Tuck* and *Eric Long,* for defendant.