1942 CHEVROLET AUTOMOBILE MOTOR NO. BA-193397 et al.
v. STATE ex rel. CLINE,
County Atty.

No. 30823. April 14, 1942.

*128 P. 2d 448.*

Tyree & Busby, of Lawton, for plaintiffs in error.

Ralph H. Cline, County Atty., of Lawton, for defendant in error.

GIBSON, J. Application on the part of Opal Weaver, plaintiff in error, for an order of this court permitting her to supersede the judgment of the county court of Comanche county entered in a proceeding for the forfeiture of an automobile instituted pursuant to 37 O. S. 1941 §§ 111-113.

The automobile was taken by officers from Ervin Weaver, petitioner's husband, while the same was being used by him for alleged illegal transportation of intoxicating liquors. Petitioner intervened, alleging ownership of the automobile and asserting other appropriate defense. The issues were determined against her and her husband, and they have lodged their appeal in this court.

No serious objection is made to a stay of the proceedings pending appeal, but it is seriously urged that we deny supersedeas permitting the car to be returned to the possession of the alleged offender where it may again be used in illegal activities, and worn out or destroyed pending appeal. In the response it is said:

"The respondent considers that the appellant should be granted bond to stay sale proceedings and preserve the status quo pending the appeal, but resists the return of the car which, in operation and effect, would be a nullification of the statute which aids so forcibly in the enforcement of the statutes against unlawful transportation of liquor in Okla."

Respondent takes the position that the petitioner would suffer no substantial injury by a stay of the proceedings, but says that it would be manifestly unjust and unfair to require the state to look to a bond for its remedy instead of a sale of the property in event the judgment is affirmed. In this connection it is urged that the statutes do not authorize supersedeas, and that the nature of cases of this kind is such that a return of the property to the claimant on appeal bond or forthcoming bond of any kind is not justified; that had the Legislature thought such procedure expedient, it could have provided therefor.

The statute, section 113, supra, relating to appeals in such case merely provides that "appeals may be allowed as in civil cases."

Respondent recognizes our statutory as well as our inherent power to grant supersedeas or stay of execution in all cases where the particular statutes are silent on the subject. 12 O. S. 1941 § 974; In re Epley, 10 Okla. 631, 64 P. 18; Aycock v. Harriman, 185 Okla. 590, 95 P. 2d 110. But it is urged that this case does not come within the statute or rule of law. Our attention is called to three cases from the State of Georgia wherein it was held, says respondent, under a statute similar to our own, that the owner of a confiscated automobile could not gain possession thereof by giving a forthcoming bond, or other bond, pending the proceedings. Commercial Credit Co. v. Johnson, 166 Ga. 316, 143 S. E. 377; Bernstein v. Higginbotham, 148 Ga. 353, 96 S. E. 866; Carter v. International Harvester Co., 51 G. App. 661, 181 S. E. 229. Respondent cites also State v. 1920 Studebaker Touring Car, 120 Ore. 254, 251 P. 701; Moss v. Summit County, 60 Utah, 252, 208 P. 507, allegedly to the same effect.

There is some discussion in the briefs concerning the question whether the automobile fell within that class of contraband in which no property right exists as provided by 37 O. S. 1941 § 72, but the question is of no particular importance. Said section 72 is a part of the liquor laws enacted prior to the enactment of the sections, supra, authorizing the seizure and forfeiture of vehicles used in the transportation of liquor, and we have held that such vehicles did not fall within the class of property made subject to forfeiture by the prior statutes. Prior to the enactment of said sections 111-113 automobiles were not affected by the liquor laws. Mozley v. Coleman, 88 Okla. 118, 212 P. 431. The latter sections do not purport to deprive the owners of confiscated automobiles from claiming a property right therein.

This court has recognized two remedies for the third party claimant in cases of this character. He may maintain a replevin action against the officers (Gillespey v. Denny, 89 Okla. 270, 215 P. 430), or he may intervene in the forfeiture proceedings and there have his right to possession adjudicated (Commercial Credit Co. v. State, 160 Okla. 201, 16 P. 2d 879). The petitioner has elected to pursue the latter remedy. In either event the claimant should not be deprived of the use of the property pending the litigation unless he is fully protected against its deterioration and the loss of its use. The law does not favor forfeitures though the police powers may be involved, and statutes are strictly construed to avoid the same; and a forfeiture of the use is a forfeiture of the property. One should be allowed the use of his property in such case on posting proper security, or, if he is to be deprived of that use, he should be secured against loss in event of his ultimate success in the litigation.

The state has no property right in seized contraband until the litigation is concluded in its favor. It cannot claim a loss until then. But the property should be held in status quo or its value preserved in some proper manner so that the state may, in event of successful termination of the litigation, be protected, and receive the value of the property as of the date of the seizure.

This court has inherent power to designate the amount of security in such case and to fix the conditions of the

undertaking. In re Epley, supra; Aycock v. Harriman, supra. In the latter case the rule is stated as follows:

"In cases where the statute makes no provision for a supersedeas, or a stay of the judgment or final order, as a matter of right, the trial court may, in the exercise of its discretion, allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties, pending an appeal to the appellate court."

We look upon this case as one wherein the circumstances justify our affirmative action in an effort to properly protect the parties, and we hold that the automobile in question should be delivered to the petitioner upon her execution of a written undertaking, to be approved by the clerk of the trial court, in double the value of said automobile; which said value as apparently agreed by the parties is that of the original purchase price when new, and said undertaking to be to the effect that the petitioner will pay to respondent an amount of money equal to the value of the automobile at the time of its seizure in event the judgment appealed from is affirmed.

It is so ordered.

WELCH, C. J., CORN, V. C. J., and RILEY, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., absent.