Victor B. PIRKEY et al., Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. Lewis T. MARTIN, County Attorney of McCurtain County, State of Oklahoma, Defendant in Error.

No. 37814.

Supreme Court of Oklahoma.

June 17, 1958.

Tom Finney, Idabel, for plaintiffs in error.

Lewis T. Martin, County Atty., Ed Shipp, Sp. Prosecutor, Idabel, for defendant in error.

DAVISON, Justice.

This is an action brought in the District Court of McCurtain County by the State of Oklahoma ex rel. Lewis T. Martin, County Attorney of said county to confiscate and forfeit unto the State one plywood boat and a certain motor specifically described by plaintiff in the petition because of an alleged violation of the Game and Fish Laws of the State. 29 O.S.1951 § 101 et seq.

It is alleged in the petition:

"That heretofore, to-wit: On the 28th day of July 1956, Bradley Mowery and Harold Hess of McCurtain County, Oklahoma, Game Rangers for the State of Oklahoma, took, into their possession one 16 foot plywood Boat, color blue with white stripe and varnished strip around top and Evinrude Electric 30 Motor, Serial No. 25924–03483 and now hold the same subject to the orders of this Court; that at the time said boat was taken it was being used by Victor B. Pirkey and Elzie B. Riney in the unlawful taking of fish from Red River in the County of McCurtain, State of Oklahoma, by means of telephone and batteries, said telephone and batteries being a part of the equipment of said boat and motor; that said boat and motor were necessary and material in the capturing of fish, all of this in violation of the Fish and Game Laws of the State of Oklahoma as set out in Title 29, Section 411 of the 1955 Supplement to the Statutes of Oklahoma."

The statute alleged to have been violated by the parties named in the petition provides:

"It shall be unlawful for any person to use rotenone or other poison, or dynamite or any other explosive, or any electrical device, or otherwise engage in what is commonly known as 'dynamiting' or 'telephoning,' as a means of taking, catching, capturing or killing fish from any river, creek, stream, lake or pond. Possession of any explosive, device, or equipment capable of being used in violation of the provisions of this Section on the bank or in the immediate vicinity of any river, creek, stream, lake or pond shall be prima facie evidence of a violation of the provisions of this Section and such explosive, device or equipment shall be subject to immediate seizure by any game and fish ranger, sheriff, or deputy sheriff, or other peace officer, and such explosive, device, and equipment shall be subject to forfeiture to the State of Oklahoma in a proceeding brought for such purpose in the District Court of the county in which the same has been found or seized. Any person violating any of the provisions of this Section shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not to exceed One Thousand Dollars ($1,000.00), and by imprisonment in the county jail for not less than ten (10) days or more than one (1) year, or by both such fine and imprisonment." 29 O.S.Supp. § 411.

Defendant Pirkey in his answer admits that he is the owner of the property sought to be forfeited but specifically denies that said property constitutes equipment subject to forfeiture because of the alleged violation of the Game and Fish Laws of the State of Oklahoma.

Elmer D. Flanery, leave of court first having been obtained, filed a plea of intervention in the case in which he alleges that he has and claims a lien against the property sought to be forfeited by virtue of a chattel mortgage executed and delivered to him by defendant Pirkey to secure a promissory note in the sum of $300. Intervener further alleges:

"Intervener further alleges and states that he denies the mortgaged property

hereinabove described was being used by the said V. B. Pirkey in violation of the laws of the State of Oklahoma, and denies that said motor and boat on which he holds mortgage is subject to forfeiture of the State of Oklahoma or any agency of the state government; in the alternative intervener alleges and states that if said boat and motor were being used by the said V. B. Pirkey in violation of the laws of the State of Oklahoma that it was without the knowledge or consent of intervener and that intervener had given the said V. B. Pirkey no authority to remove said boat and motor from the State of Texas to the State of Oklahoma."

Intervener prays that he have judgment for the possession and delivery of the property sought to be forfeited in order that he may enforce his lien against the same.

The case was tried to the court who found the issues generally in favor of plaintiff and against defendant and intervener and entered judgment ordering and decreeing that the property seized be sold and the proceeds be disposed of in the manner provided by law.

Defendant Pirkey and intervener appeal. Defendant Pirkey contends that the judgment is not sustained by the evidence and is contrary to law.

The evidence shows that on the morning of July 25, 1956, Bradley Mowery and Harold Hess, both of whom were then game rangers of the State of Oklahoma, went to the ferry crossing of Red River in McCurtain County, Oklahoma. Upon arrival they discovered defendant Pirkey and another approaching the river from the south in a car and trailer with a boat on it. Pirkey and his companion then backed the trailer into shallow water of the river and unloaded the boat into the water and towed the trailer back on to the beach. Pirkey and his companion then entered the boat and piloted it down the river and around a bend in the river out of sight of the game rangers. The game rangers then went across on the ferry on the south side of the river and waited the return of Pirkey and his companion and upon their return, and while Pirkey was backing the boat toward the shore, one of the game rangers waded into the water and entered the boat. He and the other game ranger then searched the boat and found that it contained various telephone fishing equipment in a box in the boat. They opened the box, seized the material, together with the motor and boat and held the same subject to the order of the court. They also found five catfish in the boat. The evidence further shows that the boat was used to convey the material to the fishing ground and pick up the fish when they arose to the top of the water because of electricity conducted into the river.

■ It is the contention of defendant Pirkey that the motor and boat seized are not such articles and property designated in the statutes as being subject to seizure and forfeiture to the State of Oklahoma because of a violation of the Game and Fish Laws of the State and the court therefore erred in ordering the property to be forfeited to the State. We think there is merit in this contention. The statutes provides that any explosive, device, or equipment capable of being used in unlawful telephone fishing may be immediately seized and forfeited to the State. It does not provide that any boat and motor in which such device or equipment is found may be seized and forfeited and we may not read such provision into the statute.

■ Statutes authorizing the forfeiture of property ordinarily used for legal purposes are to be strictly construed and the courts will not force upon a forfeiture statute a construction which amounts to a reading into the law provisions not inserted therein by the legislature. 23 Am.Jur. Forfeitures and Penalties, Sec. 5. In 1942 Chevrolet Automobile, Motor No. BA-193397 v. State ex rel. Cline, 191 Okl. 26, 128 P.2d 448, 449, this court said:

"* * * The law does not favor forfeitures though the police powers may be involved, and statutes are strict-

ly construed to avoid the same; and a forfeiture of the use is a forfeiture of the property. * * *"

■ It has generally been held that courts abhor forfeitures and all provisions providing therefor in statutes or deeds will be strictly construed and forfeitures will not be decreed except when required by clear language contained in the statute or deed. Board of Com'rs of Oklahoma County v. Russell, 10 Cir., 174 F.2d 778; United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; Wells v. McCanless, 184 Tenn. 293, 198 S.W.2d 641.

The legislature evidently concluded that a motor boat in which devices and equipment used in connection with telephone fishing may be found were not subject to seizure and forfeiture to the state under the 1955 Act, supra, since it later, and in 1957, amended this Act so as to specifically designate that a boat, motor and/or boat and motor in which such material is found may be seized and forfeited unto the state. S.L.1957, page 206, Sec. 1, 1957 Suppl. Title 29, Sec. 411. The amended Act so far as here material provides:

"* * * Possession of any explosive, device, or equipment capable of being used in violation of the provisions of this section on the bank or in the immediate vicinity of any river, creek, stream, lake or pond shall be prima facie evidence of a violation of the provisions of this section and such explosive, device, or equipment, and any boat, motor and/or boat and motor in which the same may be found shall be subject to immediate seizure by any game and fish ranger, sheriff, or deputy sheriff, or other peace officer, and such explosive, device, and equipment and any boat, motor and/or boat and motor shall be subject to forfeiture to the State of Oklahoma in a proceeding brought for such purpose in the District Court of the county in which the same has been found or seized. * * *"

■ We think the change made in the 1955 Act by the 1957 amendment, providing that a motor and boat in which devices and equipment used in illegal telephone fishing may be found is property subject to seizure and forfeiture, may be regarded as a legislative construction that such property was not subject to forfeiture under the statute as it existed prior to its amendment.

■■ In 82 C.J.S. Statutes § 384, pp. 902, 903, it is said:

"* * * The amendment of an act in general, or of a particular section of an act, implies merely a change of its provisions on the same subject to which the act or section relates. A mere change in phraseology does not indicate a change in construction of the statute; but a material change in the phraseology of a statute is generally regarded as a legislative construction that the law so amended did not originally embrace the amended provisions, * * *".

We conclude that the property forfeited by the judgment of the court in this case was not such property as was subject to seizure and forfeiture under the law as it existed at the time the property was seized.

The view taken renders it unnecessary to consider questions raised and discussed by intervenor.

Judgment reversed and the cause remanded with directions to enter judgment in favor of defendant Pirkey and to order and direct that the seized property be returned to him.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

CORN, V. C. J., and BLACKBIRD, J., dissent.