**MAPCO, INC., a Delaware Corporation, Petitioner,**

v.

**The Hon. William W. MEANS, Judge of the District Court of Tulsa County, Oklahoma, and Colorado Interstate Corporation, a Delaware Corporation, d/b/a Colorado Interstate Gas Company, Respondents.**

No. 48218.

Supreme Court of Oklahoma.

July 15, 1975.

**594**

Rucker, Tabor, McBride & Hopkins, Inc. by Paul P. McBride, Tulsa, for petitioner.

Gable, Gotwals, Rubin, Fox, Johnson & Baker by Richard W. Gable, Tulsa, for respondents.

BERRY, Justice:

Mapco, Inc., petitioner, requests this Court assume original jurisdiction and issue order staying execution of trial court's judgment, or issue writ of mandamus ordering trial court to stay execution of its judgment.

Respondent Colorado Interstate Corporation [CIC] is plaintiff in action below and Mapco is defendant. In that action CIC alleged contractual right to examine Mapco's books and records concerning business venture engaged in by parties, and requested court enjoin Mapco from interfering with CIC's exercise of that right.

On January 24, 1975, trial court granted permanent injunction allowing CIC to inspect Mapco's books through independent certified public accounting firm.

On that date Mapco gave notice of intent to appeal and subsequently filed petition in error in this Court.

On February 25, 1975, Mapco filed application requesting trial court stay execution pending appeal, determine if supersedeas bond was required, and to set amount of bond.

Rule 1.13, Rules of Appellate Procedure in Civil Cases, 12 O.S.1971, Ch. 15, App. 2, provides:

"If the party taking an appeal does not file a motion for new trial but desires to suspend the effectiveness of the adverse decision pending appeal, such party shall file a supersedeas bond or motion to stay within 10 days after the decision sought to be reviewed is rendered. If a motion for new trial is filed, the time to file supersedeas or motion to stay will begin to run from the date the motion is disposed of. This time limit may be extended by the trial court for good cause shown. A motion to stay may be considered and ruled upon by the trial court after the petition in error has been filed in this court."

The trial court denied Mapco's motion. It found Rule 1.13, supra, requires party desiring to stay injunction to apply for stay within 10 days from date order is entered, that Mapco failed to comply with Rule 1.13, and as a result it had no juris-

diction to consider stay of execution or setting bond.

Mapco then filed this application.

It contends trial court erred in finding it did not have jurisdiction to issue stay order. In this regard it argues Rule 1.13 provides 10 day time limit may be extended by trial court for good cause shown. It contends this provision allows trial court to consider motion to stay after ten day period has expired.

It further contends terms of permanent injunction were not settled until February 18, 1975. It contends it should not be required to supersede final order until it is aware of its terms and alleges 10 day period under Rule 1.13, supra, did not commence running until February 18, 1975.

■ This Court has statutory authority, as well as inherent power, to grant supersedeas or stay of execution in all cases pending before it wherein the particular statutes are silent on the subject. 12 O.S. 1971 § 974. *1942 Chevrolet Automobile Motor No. BA–193397 v. State,* 191 Okl. 26, 128 P.2d 448. Therefore, this Court could consider merits of Mapco's motion and, in exercise of its discretion, stay trial court's judgment during pendency of appeal.

However, trial court is certainly more familiar with factual circumstances of case and we prefer it rule upon merits of Mapco's motion in the first instance.

For this reason we must determine whether trial court erred in finding it had no jurisdiction to consider Mapco's motion.

■ Stay of execution is authorized by statute as matter of right in certain cases, and may be granted by court in all other case by virtue of 12 O.S.1971 § 974. *In re Epley,* 10 Okl. 631, 64 P. 18; *State v. Fidelity & Deposit Co. of Maryland,* 179 Okl. 437, 66 P.2d 85; *Palmer v. Harris,* 23 Okl. 500, 101 P. 852.

■ Where no provision for supersedeas is made by statute, allowance thereof is left to discretion of trial court, and trial court may, in exercise of its discretion, allow supersedeas or stay on such terms as it may prescribe for protection of parties pending appeal to appellate court. *American Surety Co. v. Marsh,* 146 Okl. 261, 293 P. 1041; *Busby v. Eaves,* 205 Okl. 346, 237 P.2d 445; *Aycock v. Harriman,* 185 Okl. 590, 95 P.2d 110.

There is no statute entitling Mapco to stay as matter of right under circumstances of this case. Therefore, trial court had discretion to grant Mapco's motion unless Mapco's failure to comply with Rule 1.13 divested trial court of jurisdiction to consider Mapco's motion.

■ Rule 1.13 must be considered in light of statutes and rules applicable to motions for new trial.

■ As a general rule, motion for new trial must be filed within ten days after verdict, report, or decision is rendered. 12 O.S.1971 § 653.

A party is not required to file motion for new trial in order to perfect an appeal. 12 O.S.1971 § 991(a). However, if party adversely affected by judgment files motion for new trial within ten days after judgment is entered, he may not appeal, and time to appeal shall not begin to run until motion has been ruled upon. 12 O.S. 1971 § 991(a), *supra,* Rule 1.12(b), Rules of Appellate Procedure in Civil Cases, *supra.* [This principle is subject to exceptions set out in Rule 1.12(c)]. Also, motion for new trial stays execution of trial court's judgment until disposition of motion for new trial. Rule 1.13, *supra.*

■ We conclude purpose of Rule 1.13 was to grant automatic stay of judgment, report or verdict during ten day period when motion for new trial may be filed, unless trial court enters order to the contrary.

This relieves parties of necessity of filing motion to stay at time judgment is entered, and leads to more orderly adminis-

**596**

tration of legal process. Rule 1.30, Rules of Appellate Procedure in Civil Cases, *supra.*

■ We conclude the phrase "such party shall file a supersedeas bond or motion to stay within 10 days after the decision sought to be reviewed is rendered" means only that the judgment will not automatically be stayed beyond the ten day period unless a motion to stay or motion for new trial is filed within the ten day period.

■ However, this does not mean the trial court loses jurisdiction to consider and rule upon a motion to stay filed after the ten day period has expired. This is evidenced by provisions of rule which provide time limit may be extended by trial court for good cause shown, and that motion to stay may be considered and ruled upon by trial court after petition in error has been filed in this Court.

Furthermore, in *Howe v. Farmers' & Merchants' Bank,* 155 Okl. 284, 8 P.2d 665, we considered trial court's authority to grant stay of execution and stated:

"* * * We see nothing in our statutes at all indicating that the right to a stay is lost until the final determination of the appeal, the judgment remaining unexecuted. * * *"

We conclude trial court erred in ruling it had no jurisdiction to rule upon Mapco's motion to stay.

■ Although this Court may not grant writ of mandamus to require trial court to exercise its discretion in a particular manner, it may grant writ of mandamus requiring trial court to exercise its discretion. 12 O.S.1971 § 1451, *Parks v. Hughes,* Okl., 312 P.2d 435.

Jurisdiction assumed, trial court's judgment stayed pending trial court's ruling upon Mapco's motion to stay, writ of mandamus granted ordering trial court to exercise its discretion with regard to Mapco's motion to stay.

All Justices concur.