Alfred ROGERS, Greer County Sheriff, Appellee,

v.

The EXCISE BOARD OF GREER COUNTY, State of Oklahoma; and Clinton Nesmith, as Chairman, and Lois M. Norman and J.F. Heatly, as members of the Excise Board of Greer County, State of Oklahoma, Appellants.

No. 59259.

Supreme Court of Oklahoma.

Dec. 26, 1984.

Disposition Amended and Rehearing Otherwise Denied June 10, 1985.

James P. Garrett, Dist. Atty. and Charles
C. Callaway, Asst. Dist. Atty., Mangum,
for appellants.

Mathew Salter, Mangum, for appellee.

KAUGER, Justice.

The Greer County Excise Board (Board),
appellant, contends that the trial court
erred when it issued a writ of mandamus
compelling the Board to set the 1982–83
Greer County Sheriff's appropriations at
the sum requested by the Sheriff; the writ
also invalidated the 1982–83 Greer County
Budget.  The issues presented are whether
the Board had discretionary authority to
adjust budgeted items which had been sub-
mitted in an estimate of needs by the Sher-
iff of Greer County, whether the Board
abused its discretion when it refused to
approve the Sheriff's proposed estimate of
needs, whether the Sheriff was allowed to
participate in a meaningful pre-budget
planning session, and whether the Board

violated the open meeting law during the course of the budgetary process.

On October 11, 1982, the Sheriff of Greer County filed an application for a writ of mandamus seeking appropriations to pay for an additional deputy sheriff for the fiscal year July 1, 1982—June 30, 1983. The Sheriff alleged that the Board's decision denying his request for funds for an additional deputy sheriff violated the open meeting law, 25 O.S. 1981 § 301 et seq. and that the Board had a duty to approve and appropriate funds for the requested budget pursuant to 68 O.S. 1981 § 2486.[1] The

application was amended October 18, 1982, to include the allegation that the Board had acted arbitrarily and capriciously. The trial court issued an alternative writ which directed the Board to approve the Sheriff's budget as submitted, or to show cause why it should not be approved. The Board answered that it had lawfully appropriated $13,049.56 less than the Sheriff's original request. The evidence at the show cause hearing was limited to the question of the Board's authority to exercise discretion in reduction of the Sheriff's estimate of needs in purported violation of 68 O.S. 1981 § 2487(5).[2] The trial court issued a writ of

1. It is provided by 68 O.S. 1981 § 2486:

"The county excise board shall meet at the county seat on the first Monday of July of each year as provided in Section 2494 of Title 68 or on such earlier date in the year as determined by the excise board, and organize by electing one of its members as chairman, and another as vice-chairman who shall preside in the absence of the chairman, for the purpose of performing the duties required of it by law during such fiscal year. Thenceforth, said board may meet from day to day, or adjourn from day to day and time to time thereafter for said purpose. In its functionings it is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution, and as such it is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided."

2. It is provided by 68 O.S. 1981 § 2487:

"As to each budget, original or supplemental, the county excise board shall proceed in the following order:
(1) Examine the financial statements contained therein for the purpose of ascertaining the true fiscal condition of each of the several fund accounts of the municipality as of the close of the previous fiscal year, or as of the date reported for supplemental purposes; and it may require such additional statistics or financial statements from the municipal officers as will enable it to make such determination, and correct such statements if need be.
(2) Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, *or in excess of needs,* as determined by the excise

board, said item shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor.
(3) Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the county excise board shall, whether on request in writing by the officer charged with a mandatory duty or of its own volition, prepare an estimate by items and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration. However, nothing herein contained shall prevent any governing board, upon a timely finding that its estimate of needs as first filed is inadequate, from filing a written request with the excise board to increase such estimate as to any item or items, whether mandatory or not; whereupon the excise board shall cause publication thereof, as aforesaid, at the expense of the municipality.
(4) Compute the total means available to each fund, except the sinking fund, by the converse of the formula provided by law for computing the tax levy, as provided in Section 2497 of this Code.
(5) If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board

mandamus October 22, 1982, directing the Board to increase the appropriations to the Sheriff's office by $13,049.56.

The trial court held that as a matter of law the Board lacked discretion to strike items from the Sheriff's budget and that the budget reduction violated 68 O.S. 1981 § 2487(5) because the revenue was available to fund the sheriff's estimate of needs. The Board was ordered to appropriate the exact sum to all county offices which had been requested in the estimate of needs. In order to balance the budget, the trial court ordered a reduction in funds appropriated by the Board to the County's general budget.

▮▮▮ The Board lodged an appeal on October 28, 1982. The next day, the Board filed a motion to stay proceedings in the district court and on November 1, 1982, the Sheriff sought to have the Board cited for contempt. The trial court issued a show cause order November 3, 1982 and on the same day the Court granted the Board's motion to stay observing that the Board had perfected an appeal.[3] The court suspended all proceedings in the cause until January 7, 1983 stating that on that date it would enter any order which might be necessary. The court acknowledged that it issued the writ without hearing evidence on three issues contained in the sheriff's application—whether the board had set the sheriff's budget on a legal holiday, whether the Board had arbitrarily reduced the budget, and whether the Board's budgetary process violated the open meeting law. The Court apparently determined that it had continuing jurisdiction to adjust the county budget and it ordered that further proceedings on the petition for the writ of mandamus would be conducted on November 16, 1982. At the reconvened hearing on November 16, 1982, the trial court found that the Board had violated the open meeting law, that the sheriff was not afforded a meaningful budget-planning conference, and that the Board had abused its discretion when it deleted funding for an additional deputy from the sheriff's estimate of

will proceed to revise the same by reducing items, in whole or in part, in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) if still further reduction be necessary and no other items remain, third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided. At the option of the excise board, the governing board may collaborate in such reductions; but the final order shall be that of the county excise board."

3. A trial court has the authority to stay the effectiveness of its order after an appeal has been lodged.[1] The stay of execution may be as a matter of right in certain cases,[2] or it may be discretionary as provided by 12 O.S. 1981 § 974.[3] The first writ was issued on October 29, 1982, well within the provisions of Rule 1.13, Rules of Civil Procedure in Civil Cases, 12 O.S. 1981 Ch. 15, App.2.

---

[1] *Mapco, Inc. v. Means*, 538 P.2d 593, 596 (Okla.1975).

[2] *Mapco, Inc.*, id.

[3] Discretionary authority to grant stay of execution upon final judgment is found at 12 O.S.1981 § 974 and provides:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending, except that execution of a judgment or final order of any judicial tribunal against any county, municipality, or other political subdivision of the State of Oklahoma is automatically stayed without execution of supersedeas bond until appeal has finally been determined."

See also Rule 1.13, Rules of Appellate Procedure in Civil Cases, 12 O.S.1971, Ch. 15, App.2 which provides:

"If the party taking an appeal does not file a motion for new trial but desires to suspend the effectiveness of the adverse decision pending appeal, such party shall file a supersedeas bond or motion to stay within 10 days after the decision sought to be reviewed is rendered. If a motion for new trial is filed, the time to file supersedeas or motion to stay will begin to run from the date the motion is disposed of. This time limit may be extended by the trial court for good cause shown. A motion to stay may be considered and ruled upon by the trial court after the petition in error has been filed in this court."

needs. Thereupon, the court declared that the entire Greer County budget for fiscal year 1982–83 was null and void. The Board timely filed an amended petition on November 24, 1982. The trial court on January 7, 1983, reviewed its November 3, 1982, order which stayed the October 22, 1982 order, and the November 17, 1982 order and left the stay in full force and effect until March 15, 1983 pending determination of the appeal. The stay order was dissolved by the trial court on March 15, 1983, and the Board sought and obtained a writ of prohibition from this Court on March 28, 1983 which prevented the enforcement of the writs of the judgments.

The Board, relying on 19 O.S. 1981 § 180.65(F), (G)[4] and on 68 O.S. 1981 § 2487(2),[5] contends that it had statutory authority to eliminate budgeted items submitted by any county officer which are in excess of needs, and that approval of funding is solely the responsibility of the Board. The Board also relies on *Summey v. Tisdale*, 658 P.2d 464, 468–69 (Okla.1982) which was decided while the appeal from the October 22, 1982 order was pending. In *Summey*, this Court held that a county excise board is empowered to delete items from an estimate of needs if the Board determines that the items are in excess of needs. The Sheriff acknowledges that under *Summey* the Board has discretionary authority to examine and to adjust items contained in an estimate of needs. However, the Sheriff argues that the Board violated the *Summey* doctrine because it acted arbitrarily and capriciously.

Although for purposes of appeal the parties have treated the writs issued by the trial court on October 22, 1982 and Novem-

ber 16, 1982 as an incorporated comprehensive order, the orders are distinct; each order of mandamus is plagued with separate peculiar defects. For clarity of disposition on appeal the writs will be discussed separately.

## I

## IF ITEMS BUDGETED BY COUNTY OFFICERS ARE EXCESSIVE THE COUNTY EXCISE BOARD HAS THE AUTHORITY TO REDUCE THE PROPOSED BUDGET.

### A.

## THE OCTOBER 22, 1982, ISSUANCE OF THE WRIT OF MANDAMUS WAS ERRONEOUS AS A MATTER OF LAW.

The basis for the issuance of a writ of mandamus on October 22, 1982, was the trial court's conclusion that pursuant to 68 O.S. 1981 § 2486 the Board was precluded from denying any lawful appropriations if sufficient revenue is available for funding[6] and that even if the Board were empowered to reduce budget requests, the Board failed to follow the method prescribed by 68 O.S. 1981 § 2487(5). The trial court relied on the interpretation of § 2486 discussed in *Neel v. Bd. of Co. Commr's. of Cherokee Co.*, 617 P.2d 201, 204 (Okla. 1980) which involved a pay increase for the deputies of county officials for the fiscal year 1977–78. In *Neel*, this Court held that county excise boards were unauthorized to reduce budgeted items unless adequate funding was unavailable. The statute as it existed when *Neel* was decided did not empower excise boards to delete items considered in estimates of needs.

---

**4.** It is provided by 19 O.S.1981 § 180.65(F),(G): "F. The board of county commissioners shall continue to have the authority to recommend the total amount of funds that can be used for the combined salaries in each of the county offices covered by this act; however, the approval of said funding for such offices shall continue to be the responsibility of the county excise board. County officers shall have no authority to make salary commitments beyond the amount of said funding so provided. G. The county excise board shall meet with each of the principal officers of the county in

budget planning conference or conferences, before July 1 of each year, to discuss personnel needs for each office for the succeeding fiscal year. The excise board shall provide the principal officers a tentative estimate of anticipated revenues for the next fiscal year prior to said budget planning conferences."

**5.** See note 2, supra.

**6.** See 68 O.S.1981 § 2486, note 1, supra.

The trial court's reliance on *Neel* is misplaced. The statutory scheme controlling county budgets was amended in 1979.[7] The 1979 amendments granted salary and staff reviewing authority to the county excise board, required the boards to meet with county officers to discuss anticipated personnel needs and to disclose estimated county revenue, and granted authority to the boards to examine estimates of needs and to eliminate excessive requests.[8] The statutory amendments and the prerogative of county excise boards was discussed by this court in *Summey v. Tisdale*, 658 P.2d 464, 468–70 (Okla.1982). In *Summey*, we held that the statutory amendments authorized county excise boards to review budget requests and to strike or disregard any item which was determined to be in excess of needs as long as the exercise of the authority was neither arbitrary nor capricious.

We find that *Summey* is controlling as the trial court's finding that the

Board failed to follow the statutory scheme of reductions prescribed by 68 O.S. 1981 § 2487(5), even though the Board's authority to reduce budget requests was conceded. *Summey* recognizes that the board possesses discretionary authority to reduce estimate of needs pursuant to 68 O.S. 1981 § 2487(2) and 19 O.S. 1981 § 180.65(F),(G). The trial court erred in its determination that the excise board did not have the right to strike items in excess of needs and that the statutory scheme of reduction contained in Section 2487(5) must be followed by the board in making any reductions.[9]

**II**

## THE TRIAL COURT'S DETERMINATION THAT THE BOARD ABUSED ITS DISCRETION WAS CORRECT. HOWEVER, RELIEF CANNOT BE GRANTED BECAUSE THE FISCAL YEAR HAS ENDED.

The Board timely perfected an appeal from the judgment entering a writ of man-

---

7. Prior to the amendment of 19 O.S.1976 Supp. § 180.65(F), 68 O.S.1971 § 2487 did not contain any authority for the excise board to strike items considered in estimates of needs. Under the statute at the time of *Neel* no budget adjustments could be made by the county excise boards.

Title 19 O.S.1976 Supp. § 180.65(F) provided that the principal county officers set the salary of deputies or other employees within statutory limits. It provides:

"The board of county commissioners shall continue to have the authority to recommend the total amount of funds that can be used for the combined salaries in each of the county offices covered by this act, and the approval of said funding for such offices shall continue to be the responsibility of the county excise board. County officers shall have no authority to make salary commitments beyond the amount of said funding so provided, and such officers shall not be entitled to supplemental salary appropriations for their offices."

8. Title 19 O.S.1979 Supp. § 180.65(G) provides: "The county excise board shall meet with each of the principal officers of the county in budget planning conference or conferences, before July 1 of each year, to discuss personnel needs for each office for the succeeding fiscal year. The excise board shall provide the principal officers a tentative estimate of anticipated revenues for the next fiscal year prior to said budget planning conference."

9. The excise board proceeds to determine a county budget by (1) reviewing financial statements to determine the county's economic status, 68 O.S.1981 § 2487(1), *note 2, supra;* (2) examining the items and amounts included in the estimate of needs and omit those in excess of needs or not authorized by law; adjust items as determined necessary by statutes. See 68 O.S.1981 § 2487(2), *note 2 supra.* If the estimate of needs fails to provide for mandatory government functions the Board may provide, prepare and publish a substitute estimate of needs. 68 O.S.1981 § 2487(3), *note 2 supra.* Once the estimate of the county's needs is settled the Board computes the total revenue available to each fund, except the sinking fund. 68 O.S.1981 § 2487(4), *see note 2 supra.* After approval of the county's estimate of needs, the Board computes the tax levy, 68 O.S.1981 § 2497; if the estimate of needs exceeds the lawful available income, the whole budget is revised. 68 O.S.1981 § 2487(5), *note 2 supra.* The reduction scheme applied by the trial court and provided by 68 O.S.1981 § 2487(5) is not applicable in the present case because the county's total estimate of needs did not exceed the county's lawful available income. The parties do not question or address the issue of available funds therefore it is assumed that the 1982–83 fiscal budget did not exceed the county's lawful available income.

damus on October 28, 1982, and on November 16, 1982, the trial court conducted an evidentiary hearing on the three issues not heard on October 22, 1981.[10] The court held that the board's meeting on Labor Day, September 6, 1982, a legal holiday, was not in and of itself an illegal act, that the board's reduction of the Sheriff's budget was arbitrary and capricious and that the Labor Day meeting violated the notice provisions of the Open Meeting Act. Thereafter, the court declared that the entire county budget for the fiscal year 1982–83 was null and void.

The Board filed an amended petition in error to include alleged errors in the November hearing. The Board alleges that the issuance of the November writ was outside the scope of the pleadings because the sheriff raised only the issue of his department's fiscal budget, and that the entire county budget was never in question. The sheriff continues to contend that the Board failed to provide him a meaningful statutory pre-budget conference in accordance with 19 O.S. 1981 § 180.65,[11] and that actions in violation of the open meeting law rendered the budget null and void.

## III

**THE BOARD ABUSED ITS DISCRETION WHEN IT FAILED TO DISCLOSE AN ESTIMATE OF ANTICIPATED REVENUES TO THE PRINCIPAL COUNTY OFFICERS.**

### A

■ We agree with the trial court that the Board did not engage in a meaningful pre-planning session with the principal officers of the county as required by 19 O.S. 1981 § 180.65(G).[12] The planning conference should be held prior to July 1 of each year. Because of certain actions pending before the State Board of Equalization, the Board, through no fault of its own, did not have an estimate of the funds available for disbursement. However, when the Board discovered the availability of funds for the proposed 1982–83 budget, it failed to disclose this information to the sheriff or other county officers prior to finalizing its budget on September 6, 1982. At a minimum the principal county officers are entitled to be informed of the funding available for distribution prior to a budget planning conference. While it is true that the State Board of Equalization was making its determination on equal taxation throughout the state, 19 O.S. 1981 § 180.65(G) only requires the Board to make available a "tentative estimate of anticipated revenues" for the upcoming year.[13]

■ Whether the Board has acted arbitrarily or abused its discretion is to be determined by the facts in each particular case. We hold that at a minimum an effective budget planning conference requires a county excise board to disclose an estimate of anticipated revenues to the principal county officers—failure to do so was abuse of discretion as was its failure to meet with the sheriff in a meaningful conference to discuss the anticipated needs of his office before striking items from the estimate of needs.

### B

■ A county excise board is an agency of the state [14] and as such is subject to the Open Meeting Act, 25 O.S. 1981 § 301. The Act requires that meetings must be preceded by advance public notice and held at publicly convenient places.[15]

---

**10.** Within 30 days of the day of *judgment* was rendered the trial court may effect a *sua sponte* modification of its decision. 12 O.S.1981 § 1030(1).

**11.** See note 4, supra.

**12.** See note 4, supra.

**13.** See note 4, supra.

**14.** See note 1, supra.

**15.** Advance notice is required by 25 O.S.1981 § 303 and provides:

"All meetings of public bodies, as defined hereinafter, shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided. All meetings of such public bodies shall be preceded

The Board met on September 6, 1982, to finalize the budget. Notice of the meeting was filed and posted on September 2, 1982 at 11:17 a.m. The notice stated that "on September 6, 1982, the Greer County Excise Board will meet at the Greer County Courthouse." The notice of the special meeting did not comply with the requirements of 25 O.S. 1981 § 311(11). The County Courthouse was locked and closed to the general public because September 6, 1982 was Labor Day, a legal holiday. Failure to specify a time and place of the meeting, coupled to the failure to hold the meeting at a place convenient and accessible to the public, constituted wilful violations of the Open Meeting Act. The Act provides that any action taken in wilful violation shall be invalid.[16] Wilfullness does not require a showing of bad faith, malice, or wantonness, but rather, encompasses conscious, purposeful violations of the law or blatant or deliberate disregard of the law by those who know, or should know the requirements of the Act. Notice of meetings of public bodies which are deceptively vague and likely to mislead constitute a wilful violation.[17]

 Although these propositions discussed above are meritorious, they cannot be dispositive of this dispute. They are offered to guide the future conduct of excise boards. Because of the lapse of the fiscal year, the matter presented is moot. This Court will not decide abstract or hypothetical questions disconnected from the granting of actual relief or make determinations where no practical relief may be

granted.[18] Any attempt to adjust the 1982–83 budget two years after its expiration would only create confusion[19] and as a practical matter, the sheriff cannot hire a deputy for a fiscal year which has ended or incur expenses for the current fiscal year in a prospective year. It is evident from the character of the budgeting process that the time has expired in which actual or practical relief could be afforded.

AFFIRMED IN PART; REVERSED IN PART.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, V.C.J., dissents.

---

by advance public notice specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered at such meeting, as hereinafter provided."

16. It is provided by 25 O.S.1981 § 313: "Any action taken in willful violation of this act shall be invalid."

17. *Matter of Order Declaring Annexation, Etc.* 637 P.2d 1270, 1275 (Okla.App.1981).

18. The court is the final arbiter of the question whether a case is moot and should be dismissed or decided upon its merits. *Lawrence v. Cleveland County Home Loan Auth.,* 626 P.2d 314,

315 (1981); *Westgate Oil Co. v. Refiners Production Co.,* 172 Okl. 260, 44 P.2d 993, 994 (1935); *Payne v. Jones,* 193 Okl. 609, 146 P.2d 113, 116 (1944); *Wallace v. McClendon,* 144 Okl. 39, 289 P. 354 (1930).

19. If enforcement of the writ after final determination of its propriety will create confusion in connection with well-settled fiscal affairs of a government subdivision of the state, this Court may in its discretion withhold or deny the writ. *McCoy v. Bd. of Co. Comm'rs. of Rogers Co.,* 285 P.2d 440–41 (Okla.1955); *State v. Holder,* 279 P.2d 1098, 1100 (Okla.1955).