Shirley McCOY, Plaintiff in Error,

v.

The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ROGERS, State of Oklahoma, et al., Defendants in Error.

No. 36387.

Supreme Court of Oklahoma.

June 14, 1955.

Rehearing Denied July 5, 1955.

William E. Hammett, Claremore, for plaintiff in error.

Dennis Bushyhead, Claremore, for defendants in error.

JACKSON, Justice.

On October 12, 1953, Shirley McCoy brought an action in mandamus in the District Court of Rogers county to require the County Commissioners and Excise Board members of Rogers county to transfer from the general funds of the county to the salary fund a sufficient amount of money so that plaintiff might have the benefit of the salary increase provided by the legislature in 1953, 19 O.S.1951 §§ 179.1 through 179.12, as enacted by the Legislature in 1953.

It was stipulated that there was a sufficient amount of money on hand in the general fund for that purpose; that plaintiff had been appointed as first deputy to the County Superintendent of Schools of said county and was serving in that capacity; and that plaintiff at the time of the trial did not possess an administrator's certificate as set forth in 70 O.S.1951 § 3–1, and was not qualified to obtain such a certificate.

The trial court found that plaintiff was qualified as a second deputy to the County Superintendent of Schools but was not qualified to hold the office of first deputy since she was not qualified to hold an administrator's certificate. By its judgment the trial court ordered the defendants to transfer to the salary fund and pay to the plaintiff a sufficient amount of money to compensate her under the 1953 salary bill as second deputy to the County Superintendent for the fiscal year beginning July 1, 1953, and ending on June 30, 1954, but refused to require a transfer of additional funds to compensate the plaintiff as first deputy to the County Superintendent. From this judgment the plaintiff appeals.

This appeal was filed in this court on March 8, 1954, and plaintiff's brief was filed in this court on October 4, 1954.

 It will be seen that the fiscal year 1953–1954 ended on June 30, 1954, and prior to the filing of plaintiff's brief on October 4, 1954. To issue a writ of mandamus in this case to transfer funds after the end of the fiscal year would create disorder and confusion. This court has repeatedly held where the issuance of a writ would disturb official action, or create disorder or confusion, mandamus will not be awarded even where the legal right is clear. See Herndon v. Excise Board of Garfield County, 147 Okl. 126, 295 P. 223, and cases cited therein.

Appeal dismissed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, HALLEY and BLACKBIRD, JJ. concur.