Paul **ABEL**, Sheriff of Pottawatomie County; Herschel Eugene McMunn, Undersheriff of Pottawatomie County; and Barbara Alexander, Chief Office Deputy, Sheriff's Office, Pottawatomie County, State of Oklahoma, Appellants,

v.

M.J. **MADDEN**, Gerald Knight and William T. (Bill) Rapp, Jr., Pottawatomie County Excise Board; and Glendon Combs, Jack Hayes, and James Cravens, Pottawatomie Board of Commissioners; County of Pottawatomie, State of Oklahoma, if in office, or if not in office, the duly appointed or elected successors thereof, Appellees.

No. 65720.

Supreme Court of Oklahoma.

June 30, 1987.

Ed Abel, Lynn B. Mares, Oklahoma City, for appellants.

Bill Roberson, Shawnee, for appellees.

KAUGER, Justice.

The issues presented are whether the Pottawatomie County Excise Board (Board), appellee, failed to examine the Sheriff's estimate of needs and provide adequate funding; whether the Board improperly considered a nonrecurrent revenue source in the final budget; and whether the County Commissioners failed to follow statutory procedures in preparing a financial statement. We find that: 1) when the items budgeted are excessive, the Board has the authority to reduce the proposed budget; 2) the Board may not consider nonrecurrent sources of revenue when determining the budget appropriation; and 3) a financial statement submitted by the County Commissioners to the Board will not be set aside on a mere technicality.

On October 4, 1985, the Sheriff of Pottawatomie County filed a writ of mandamus seeking to compel the Board to approve his estimate of needs for the fiscal year of July 1, 1985–June 30, 1986. He alleged that the Board's reduction of the estimated budget violated the procedures delineated in 68 O.S.1981 § 2487,[1] and that the County

1. It is provided by 68 O.S.1981 § 2487:
"As to each budget, original or supplemental, the county excise board shall proceed in the following order:
1. Examine the financial statements contained therein for the purpose of ascertaining the true fiscal condition of each of the several fund accounts of the municipality as of the close of the previous fiscal year, or as of the date reported for supplemental purposes; and it may require sucn additional statistics or financial statements from the municipal officers as will enable it to make such determination, and correct such statements if need be.
2. Examine specifically the several items and amounts stated in the estimate of needs, and

if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, *as determined by the excise board,* said item shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor.
3. Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the county excise board shall,

Commissioners had failed to certify both the county's financial statement and the estimate of needs as required by 68 O.S. 1981 § 2483.[2] The trial court issued an alternative writ directing the Board to approve the Sheriff's budget as submitted, or to show cause why it should not be approved. The Board responded that it had approved a budget for 1985–86 in the amount of $434,235.34, and that the Sheriff had received an increase in funds compared to the amount actually spent the previous year. (For the 1984–85 fiscal year, the Sheriff received $433,018.49 and returned $16,306.81, thus spending, $416,711.68.) The trial court denied the application for the writ of mandamus on December 6, 1985.

**I**

### THE SHERIFF'S DEPARTMENT FAILED TO COMPLY WITH 12 O.S. SUPP.1985 CH. 15. APP. 2, RULE 1.26.

The Sheriff timely lodged his appeal on January 3, 1986. Eighteen days later, January 21, 1986, he filed an application to assume original jurisdiction, asserting that the ordinary appellate remedy was too slow, and, therefore, inadequate. Because the appeal process has been expedited pursuant to 12 O.S.Supp.1985 Ch. 15, App. 2, Rule 1.26,[3] this Court determined that the Sheriff's remedy was by appeal, and the writ was denied. However, the Sheriff failed to follow the rules for speedy dispo-

---

whether on request in writing by the officer charged with a mandatory duty or of its own volition, prepare an estimate by items and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration. However, nothing herein contained shall prevent any governing board, upon a timely finding that its estimate of needs as first filed is inadequate, from filing a written request with the excise board to increase such estimate as to any item or items, whether mandatory or not; whereupon the excise board shall cause publication thereof, as aforesaid, at the expense of the municipality. 4. *Compute the total means available to each fund, except the sinking fund, by the converse of the formula provided by law for computing the tax levy,* as provided in Section 2497 of this Code. 5. If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board will proceed to review the same by reducing items, in whole or in part, in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) if still further reduction be necessary and no other items remain, third, by reduction of

items for Constitutional governmental functions until the total thereof be within the income and revenue provided. At the option of the excise board, the governing board may collaborate in such reductions; but the final order shall be that of the county excise board."

2. It is provided in 68 O.S.1981 § 2483 in pertinent part:
   "Each board of county commissioners, the mayor and council of each city having the statutory mayor-council form of city government, the council of each city having the statutory council-manager form of city government (or the officers exercising like power in any city having a charter form of government), the board of trustees of each incorporated town, and the board of education of each independent school district, shall meet on the first Monday in July of each year, and the board of education of each dependent school district shall meet on the second Tuesday in July of each year, and they shall, respectively, make, in writing, a financial statement, showing the true fiscal condition of their respective political subdivisions as of the close of the previous fiscal year ended June 30th, and an itemized statement of estimated needs and probable income from sources other than ad valorem tax for the current fiscal year. Such financial statement shall be supported by schedules or exhibits showing, by classes, the amount of all receipts and disbursements, and shall be sworn to as being true and correct...."

3. The time for completion of the record for county budget appeals, 12 O.S.Supp.1985 Ch. 15, App. 2, Rule 1.26, provides in pertinent part:
   "... (a)(1) In appeals from a final order of the district court approving or disapproving the setting of a county budget the record shall be

sition of budget appeals. Rule 1.26 provides that the record shall be transmitted to this Court within 30 days after the final judgment is entered. The record was not completed until May 21, 1986—five months later, and the briefing cycle was not completed until July 24, 1986. During this time, the fiscal year lapsed.

■ Any attempt to adjust the 1985–86 budget after its expiration would only create confusion,[4] and as a practical matter, the Sheriff cannot hire additional employees for a fiscal year which has ended, nor can he pay for expenses incurred in one fiscal year with revenues from a subsequent year. It is evident from the nature of the budgeting process that the time has expired in which actual or practical relief could be afforded.[5] Ordinarily, this Court will not decide abstract or hypothetical questions which are disconnected from the granting of actual relief nor will we make adjudicative determinations where no practical relief may be granted.[6] This proceeding is, for all practical purposes, moot. However, because there is a matter of public interest involved; because 68 O.S.1981 § 2484, which was disregarded by the Board, has never been construed; and because of the possibility that similar ques-

tions will arise in circumstances under which judicial review might never be available, we will address the allegations of error presented.[7]

## II

**THE REDUCTION SCHEME PROVIDED IN 68 O.S.1981 § 2487(5) APPLIES ONLY WHEN THAT YEAR'S FISCAL BUDGET EXCEEDS THE COUNTY'S LAWFUL AVAILABLE INCOME**

The Sheriff argues that the Board disregarded the actual budgetary needs of all county departments, and that it did not consider the priorities of offices with constitutional functions. The Board counters that it acted neither arbitrarily nor capriciously,[8] but well within the scope of its authority.

■ The applicable statutes and the authority of county excise boards was discussed by this Court in *Summey v. Tisdale,* 658 P.2d 464, 468–70 (Okla.1982) and *Rogers v. Excise Board of Greer County,* 701 P.2d 754, 759 (Okla.1984). In *Summey* and *Rogers,* we held that pursuant to 68 O.S.1981 § 2487(2)[9] and 19 O.S.1981 § 180.65(F), (G),[10] in the absence of arbi-

ready for transmission to this court within 30 days of the final judgment. If a transcript is sought to be included in the record on review, it shall be the responsibility of the trial court to expedite the preparation thereof by such orders, prospective or retrospective, in effect as may seem proper to assure the earliest possible completion of the record...."

4. If enforcement of the writ after final determination of its propriety will create confusion in connection with well-settled fiscal affairs of a government subdivision of the state, this Court may in its discretion withhold or deny the writ. *Rogers v. Excise Bd. of Greer County,* 701 P.2d 754, 761 (Okla.1984); *McCoy v. Bd. of Co. Comm'rs of Rogers Co.,* 285 P.2d 440–41 (Okla. 1955); *State v. Holder,* 279 P.2d 1098, 1100 (Okla.1955).

5. *Rogers v. Excise Bd. of Greer County,* see note 4, supra.

6. The court is the final arbiter of the question whether a case is moot and should be dismissed

or decided upon its merits. *Rogers v. Excise Bd. of Greer County,* see note 4, supra; *Lawrence v. Cleveland County Home Loan Auth.,* 626 P.2d 314–15 (Okla.1981); *Payne v. Jones,* 193 Okl. 609, 146 P.2d 113, 116 (1944); *Westgate Oil Co. v. Refiners Production Co.,* 172 Okl. 260, 44 P.2d 993–94 (1935); *Wallace v. McClendon,* 144 Okl. 39, 289 P. 354 (1930).

7. *In Re D.B.W.,* 616 P.2d 1149, 1151 (Okla.1980).

8. *Summey v. Tisdale,* 658 P.2d 464, 469 (Okla. 1982).

9. Title 68 O.S.1981 § 2487, see note 1, supra.

10. Title 19 O.S.1981 § 180.65(F)(G) provides:
"F. The board of county commissioners shall continue to have the authority to recommend the total amount of funds that can be used for the combined salaries in each of the county offices covered by this act; however, the approval of said funding for such offices shall continue to be the responsibility of the county excise board. County officers shall have no

trary or capricious behavior, the Board may strike or disregard any item which it determines to be in excess of needs.

The record reveals that in the 1984–85 fiscal year, the Sheriff's personnel budget was increased by $52,000 over the previous fiscal year. Even though additional employees were not added at that time, when funds were available, the Sheriff contends that they are needed now. It is unrefuted that the Sheriff did not avail himself of other available financial resources, to meet his personnel needs, e.g., supplemental appropriations. Salaries had been increased for the two previous years, with a substantial increase for 1984–85, the year in which the Sheriff returned $16,306.81 in unspent funds. The Sheriff also admits that he did not pay overtime as required by *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), after he was advised that lawsuits would be filed for back pay.[11] Instead, a $50.00 raise per month was implemented during the last month of the 1984–85 fiscal year. After considering all these factors, the Board reduced the 1985–86 budget by approximately 2%.

Before the Board approved the county budget, it told all county officials that there was a revenue shortfall, and that every office would need to conserve funds. The Sheriff testified that his third estimate of needs contained the bare essentials necessary for him to perform his constitutional duties. In the 1985–86 budget approved by the Board, the Sheriff received the amount requested in his travel budget and he received an additional $7,000.00 in his maintenance and operation budget to provide for training and for uniforms. His capital outlay budget, which included requests for new radio equipment, computers, and linens for the jail, was not funded—nor were like requests funded for any other county official.[12]

■ The Sheriff urges that any budget reduction must be made in compliance with 68 O.S.1981 § 2487(5),[13] and that because the Sheriff's office falls within the purview of a constitutional governmental function, it should be the last office to receive reductions. His analysis is incorrect here because the reduced items were considered to be in excess of needs pursuant to 68 O.S. 1981 § 2487(2) and 19 O.S.1981 § 180.-65(F), (G) and the Sheriff failed to file for supplemental appropriations. Section 2487(5) is applicable *only* after the excise board has approved the budget requests, and if that year's fiscal budget exceeds the county's lawful available income.[14] Neither party contends the 1985–86 fiscal budget was in excess of the available income. The Board's reductions complied with 68 O.S.1981 § 2487(2) and 19 O.S.1981 § 180.-65(F), (G).

### III

### THE BOARD MAY NOT CONSIDER NONRECURRENT SOURCES OF REVENUE WHEN DETERMINING THE BUDGET APPROPRIATION

■ The Sheriff receives income from the service of civil summons. According to

authority to make salary commitments beyond the amount of said funding so provided. G. The county excise board shall meet with each of the principal officers of the county in budget planning conference or conferences, before July 1 of each year, to discuss personnel needs for each office for the succeeding fiscal year. The excise board shall provide the principal officers a tentative estimate of anticipated revenues for the next fiscal year prior to said budget planning conferences."

11. The financial impact of *Garcia* has been lessened by the enactment of 29 U.S.C. § 207(*o*)(1) (Supp.1985), which allows "comp time" for overtime rather than the increased rate of pay as previously required.

12. See *Little v. County Excise Bd. of Marshall County,* 161 Okl. 40, 16 P.2d 1080, 1083 (1932), in which the Court advised the excise board to reduce items not necessary for the performance of governmental functions such as furniture, office equipment and supplies, janitor salary and supplies, elevator operation, per diem expense of superintendent of public health, fees for registration of vital statistics, blank books and stationery.

13. Title 68 O.S.1981 § 2487(5), see note 1, supra.

14. *Rogers v. Excise Bd. of Greer County,* see note 4, supra.

68 O.S.1981 § 2484,[15] it is unlawful for an excise board to diminish the allotment of state revenue received by a county office because that office receives such funds. This statute is designed to assure adequate funding, and to prevent dependence on variable sources of income. The August 21, 1985, minutes of the Board reflect that it suggested that those departments receiving special fees should use such funds to supplement cuts in their estimate of needs. This, coupled with the fact that an estimated amount for the special fund was noted on the budget, indicates that the Board considered the fund and reduced the Sheriff's budget accordingly. The Sheriff argues that the Board should have disregarded the probable income from nonrecurring sources, and that when it reduced his appropriation by including these revenues, it ignored its non-discretionary statutory duty. We agree that the inclusion of non-recurring income is impermissible under the clear language of § 2484.

perform its statutory duty to certify, as true and correct, the financial statement of the fiscal condition of Pottawatomie County at the end of the 1985–86 fiscal year.[16] In *Protest of Missouri-Kansas-Texas R.R. Co.*, 149 Okl. 166, 300 P. 713 (1931), we held that if the estimate is within constitutional and statutory limits, and if it is necessary for the proper management of the affairs of a governmental unit, it should not be set aside on a mere technicality. We, therefore, find that the financial statement should not invalidated.

AFFIRMED IN PART; REVERSED IN PART.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, WILSON, SUMMERS, JJ., concur.

OPALA, J., concurs in all parts except part II; dissents from part II.

## IV

### A  FINANCIAL STATEMENT SUBMITTED BY THE COUNTY COMMISSIONERS TO THE EXCISE BOARD WILL NOT BE SET ASIDE ON A MERE TECHNICALITY

The Sheriff also suggests that the Board of County Commissioners failed to

**15.** Title 68 O.S.1981 § 2484 provides in pertinent part:

"A. It shall be unlawful for the governing board of any county, city, town, school district, or other governmental subdivision of this state, in preparation of its budget for any fiscal year, to estimate as probable income from sources other than ad valorem tax of such governmental subdivision of the state and other than any excise or other tax assessed by legislative enactment and distributed in lieu of ad valorem taxes, any revenue from nonrecurrent sources, regardless of such collections in the immediately preceding fiscal year or of like probability whether immediate or remote of such collections in the ensuing fiscal year, to be derived from or the result of sales, forfeitures, penalties, gifts, federal aid allotments of every kind, windfalls, seizures, sheriff's sales, court actions whether civil or criminal, injunctions or protests won or released by dismissal, or from any other such source not normally recurrent year after year and so made recurrent by legislative enactment...."

**16.** This requirement is found provided in 68 O.S.1981 § 2483 which provides in pertinent part:

"Each board of county commissioners, ... shall meet on the first Monday in July of each year, ... and they shall, respectively, make, in writing, a financial statement, showing the true fiscal condition of their respective political subdivisions as of the close of the previous fiscal year ended June 30th, and an itemized statement of estimated needs and probable income from sources other than ad valorem tax for the current fiscal year. Such financial statement shall be supported by schedules or exhibits showing, by classes, the amount of all receipts and disbursements, and shall be sworn to as being true and correct...."