2006 OK CIV APP 28

The **BOARD OF COUNTY COMMISSIONERS OF SEQUOYAH COUNTY, and Bruce Tabor, Cleon Harrell, and Lewis Warren, as Individual Commissioners, Plaintiffs/Appellees,**

v.

The **EXCISE BOARD OF SEQUOYAH COUNTY, and Excise Board Members, Dan Shamblin, Bill Burgess, and Charles Sloan, and Donna Jamison, as County Clerk, Defendants/Appellants.**

No. 100,653.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 21, 2005.

Rehearing Denied Nov. 22, 2005.

Certiorari Denied March 20, 2006.

Ben Loring, Assistant District Attorney, Miami, OK, for Plaintiffs/Appellees.

Nathan H. Young, III, Nathan H. Young, III, Law Office, Tahlequah, OK, for Defendants/Appellants.

Opinion by ROBERT DICK BELL, Judge.

¶ 1 In this mandamus action, Plaintiffs/Appellees Sequoyah Board of County Commissioners (Commissioners) sought a court order compelling Defendants/ Appellants Sequoyah County Excise Board (Board) to adopt and approve the Commissioners' proposed budget for the 2003–2004 fiscal year. The trial court

directed Board to adopt the budget prepared by the Commissioners. Board appealed. For the reasons set forth below, we reverse the trial court's judgment.

¶ 2 The Commissioners submitted their FY 2003–2004 budget to the Board in November, 2003. The Commissioners filled in their figures on the budget documents in the column to be completed by the Board. The Board modified those figures to amounts it deemed appropriate. Among the points of disagreement, the Commissioners' proposed budgets for the Sequoyah County Treasurer, County Clerk, Court Clerk and Sheriff's Office were considerably less than the amounts allocated by Board. All four offices filed an Estimate of Needs and the Board determined the sums allocated to each were necessary to adequately fund the respective constitutional offices. Conversely, the Commissioners allocated $60,000 to the Sequoyah County 911 Trust Authority and $214,000 to the Sequoyah County Criminal Justice Authority (Jail Trust Authority), while Board allocated no money to either entity. Neither of those entities filed an Estimate of Needs. Furthermore, after the Board increased funding for the four constitutional offices, the Board's budget exceeded projected revenues. In cutting funding for the two trust authorities, the Board also took into account that both entities receive financing from other sources and have large bank account balances. The Commissioners' proposed budget and the Board's adopted budget have the same total expenditures, which equal the amount of projected revenues for the fiscal year.

¶ 3 The Commissioners thereafter filed the instant mandamus action in which they argued Board was without authority to deny funding for the Jail Trust Authority. The case was submitted to the trial court upon the parties' stipulation of facts and briefs. The trial court ruled in favor of the Commissioners and directed the Board to adopt the Commissioners' proposed budget. The court added that its decision "shall not effect the 2003–2004 budget year but provide guidelines for the 2004–2005 budget year." [1]

---

1. The parties purportedly agreed it would be unfair to impose the Commissioner's budget at the time the trial court made its ruling. This

appears to be particularly true with respect to the Sheriff's Office, which had already spent nearly $7,000.00 more than the Commissioner's

From said judgment, Board perfected this appeal.[2]

¶4 In a mandamus proceeding, "[t]he trial court has the authority to determine whether the Excise Board acted arbitrarily" in setting the county's budget. *Clay v. Independent School Dist. No. 1 of Tulsa County*, 1997 OK 13, ¶31, 935 P.2d 294, 307. The party bringing the mandamus action has "the burden of presenting evidence to that court showing an abuse of discretion on the part of the county board." *Id.* "Whether the Board has acted arbitrarily or abused its discretion is to be determined by the facts in each particular case." *Rogers v. Excise Bd. of Greer County*, 1984 OK 95, ¶13, 701 P.2d 754, 760. The party aggrieved by the trial court's decision has the burden to "show on appeal that the trial court abused its discretion" in making its decision. *Clay*, 1997 OK 13 at ¶31, 935 P.2d at 307.

¶5 The threshold question presented in this appeal is whether Board had the authority to deny funding for the Jail Trust Authority. The powers and duties of county excise boards are set forth in 68 O.S.2001 §§ 3006 and 3007. Section 3006 provides for the organization of county excise boards and sets forth the times they should convene. The statute also declares:

> In its functionings [the county excise board] is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution, and as such it is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided.

¶6 Section 3007 sets forth the order of proceedings and clarifies the budgetary powers of county excise boards:

As to each budget, original or supplemental, the county excise board shall proceed in the following order:

(1) Examine the financial statements contained therein for the purpose of ascertaining the true fiscal condition of each of the several fund accounts of the municipality as of the close of the previous fiscal year, or as of the date reported for supplemental purposes; and it may require such additional statistics or financial statements from the municipal officers as will enable it to make such determination, and correct such statements if need be.

(2) Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, as determined by the excise board, said items shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor.

(3) Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the county excise board shall, whether on request in writing by the officer charged with a mandatory duty or of its own volition, prepare an estimate by items and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration. However, nothing herein contained shall

---

proposed budget when the stipulations were made, three and one-half months before the end of the fiscal year.

**2.** Similar litigation concerning the 2005–2006 county budget is currently pending in Sequoyah County District Court Case No. WH–04–1061.

prevent any governing board, upon a timely finding that its estimate of needs as first filed is inadequate, from filing a written request with the excise board to increase such estimate as to any item or items, whether mandatory or not; whereupon the excise board shall cause publication thereof, as aforesaid, at the expense of the municipality.

(4) Compute the total means available to each fund, except the sinking fund, by the converse of the formula provided by law for computing the tax levy, as provided in Section [3017] of this Code.

(5) If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same by items and compute the levy required. If said total exceeds the means provided to finance the same, the excise board will proceed to revise the same by reducing items, in whole or in part, in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) if still further reduction be necessary and no other items remain, third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided. At the option of the excise board, the governing board may collaborate in such reductions; but the final order shall be that of the county excise board.

■ ¶ 7 Prior to 1979, county excise boards had no authority to reject an appropriation made for a lawful purpose if there were sufficient funds to defray the expense. *Neel v. Board of County Comm'rs of Cherokee County*, 1980 OK 130, ¶ 6, 617 P.2d 201, 204. However, "[t]he law governing the county budgetary scheme was significantly changed in 1979." *Summey v. Tisdale*, 1982 OK 133, ¶ 13, 658 P.2d 464, 468 n. 21. "The terms of 68 O.S.1971 § 2487 [now § 3007] were amended to authorize county excise boards to strike from the budget requests

items that are 'in excess of needs.'" *Id.* at ¶ 17, 658 P.2d at 469. Under the current statutory scheme:

The Board functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded.

*Summey*, 1982 OK 133 at ¶ 10, 658 P.2d at 467, *citing* 68 O.S.1971 § 2486 (now § 3006).

■ ¶ 8 In apportioning taxes, county excise boards act "in the capacity of a legislature." *Clay*, 1997 OK 13 at ¶ 20, 935 P.2d 294, 303, *quoting City of Ardmore v. Excise Bd. of Carter County*, 1948 OK 158, ¶ 16, 197 P.2d 961, 964. The boards have discretion in determining the budgets of county offices. *Clay* at ¶ 31, 935 P.2d at 307. In *Summey*, the Court addressed whether a county excise board had the discretion to reduce the salary rate proposed by principal county officers for their deputies. The Court concluded, "The 1979 changes in the statutory scheme evince clear legislative intent to give county excise boards discretion to approve salaries as well as to reduce the amount requested when the proposed budget reflects that the salary rate is in excess of needs." *Summey*, 1982 OK 133 at ¶ 17, 658 P.2d at 469. Citing as authority *Summey* and *Rogers*, the Supreme Court in *Abel v. Madden*, 1987 OK 55, ¶ 6, 738 P.2d 1340, 1343–4, declared, "[I]n the absence of arbitrary or capricious behavior, the Board may strike or disregard any item which it determines to be in excess of needs."

■ ¶ 9 On the basis of the foregoing, we hold the Board had authority to deny funding for the Jail Trust Authority. First, the Board determined—as commanded by 68 O.S.2001 §§ 3006 and 3007—the Commissioners' proposed budget failed to adequately fund four constitutionally mandated governmental entities: the Treasurer, County Clerk, Court Clerk and Sheriff's Office. After making provisions for those four offices which the Board deemed adequate, the total of the various estimate of needs exceeded the county's projected means. Under such circumstances, the Board was empowered to reduce the budget "in whole or in part" of any "governmental functions merely author-

ized but not required" by statute or the Constitution. 68 O.S.2001 § 3007(5)(a). Both the Jail Trust Authority and the 911 Trust Authority are entities "merely authorized but not required" by law.

¶ 10 It also appears the Board declined to follow the Commissioner's proposed budgets for both trust authorities because the budgeted amounts were "in excess of needs." Section 3007(2) clearly authorizes the Board to determine whether an item or amount is in excess of needs. *Accord Abel,* 1987 OK 55 at ¶ 6, 738 P.2d 1340, 1343–4. When the Board makes such a finding, § 3007(2) commands "said items shall be ordered stricken and disregarded."

¶ 11 The Commissioners assert—and argue the trial court implicitly agreed—their proposed budget adequately funded the needs of the various constitutional offices. We reiterate, however, it is the County Excise Board, not the Board of County Commissioners, that is statutorily "charged with the duty of requiring adequate provision for performance of mandatory constitutional . . . governmental functions within the means available, . . ." 68 O.S.2001 § 3006. And, although the Commissioners may be permitted to collaborate in the budget reduction process, § 3007(5) states "the final order shall be that of the county excise board." We therefore hold, within the limitations set forth in §§ 3006 and 3007, and in the absence of arbitrary or capricious behavior, county excise boards have the final approval of and ultimate authority over county budgets.

¶ 12 The Commissioners neither pled in their petition nor presented any evidence suggesting the Board abused its discretion or was arbitrary or capricious in preparing its budget. Because the record contains no evidence of any wrongdoing by the Board, we hold the trial court abused its discretion by ruling as it did. Accordingly, the judgment of the trial court is reversed.

¶ 13 REVERSED.

ADAMS, P.J., and MITCHELL, J., concur.