Dear District Attorney Gibson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What is the role of the County Excise Board in reviewing and approving or disapproving a budget submitted by the Board of County Commissioners in a county that has not adopted the Budget Board Act?
 2. Is there a conflict between 19 O.S. 2001, § 1414[ 19-1414] (a part of the Budget Board Act) and 68 O.S. 2001, § 3007[68-3007](2) (a part of the County Budget Laws)?
Your questions involve the role of a county excise board to approve, amend or reduce items in a proposed county budget, and whether the excise board functions differently when a county operates through a county budget board created pursuant to 19 O.S. 2001, §§ 1401-1421[19-1401-1421] [hereinafter Budget Board Act], as opposed to procedures required in counties that have not elected to follow the Budget Board Act, i.e., "non-budget board counties." Non-budget board counties develop and approve county budgets pursuant to 68 O.S. 2001, §§ 3001[68-3001] — 3033 [hereinafter County Budget Laws]. Is the power or authority of a county excise board different in budget board counties than it is in non-budget board counties? Based on our analysis, we conclude the powers of county excise boards in budget board counties are different from powers of such boards in non-budget board counties. There is no conflict to be resolved between the Budget Board Act and the County Budget Laws. The statutes are different, and the excise board's statutory power in a budget board county does not apply in a non-budget board county, or vice versa.
 APPLICABLE STATUTES AND COURT DECISIONS I. NON-BUDGET BOARD COUNTIES
The traditional method of developing and approving a county budget, followed by a majority of counties in Oklahoma,[1] is set out in the County Budget Laws. The principal officers of a county, together with all cities, towns and boards of education within the county, annually prepare a report of their respective earnings, income and cost of operation for the previous year and an estimate of their expected needs for the ensuing fiscal year, and on or by the first Monday in July submit such report and estimate of needs to the commission or board that has the duty to report such information to the county excise board. 68 O.S. 2001, § 3004[68-3004];Summey v. Tisdale, 658 P.2d 464, 466 (Okla. 1982). Since the board of county commissioners is the body charged with the duty to "superintend the fiscal concerns of the county," the county commissioners prepare an estimate of needs and financial statement, and publish it in a county newspaper of general circulation. 19 O.S. 2001, § 345[19-345]. The county commissioners must submit an estimate of needs and financial statement for the county to the county excise board by August 17 of each year. 68 O.S. Supp.2006, § 3002(D). Estimates of needs and a financial statement must be filed with the excise board each year by August 22 for incorporated towns, by August 27 for incorporated cities, and by October 1 for school districts. Id.
The county excise board must meet with the principal officers of the county prior to July 1 of each year to develop a proposed budget for county offices. 19 O.S. Supp.2006, § 180.65(E). The county excise board is a three-person board, consisting of one member appointed by the Oklahoma Tax Commission, one member appointed by the board of county commissioners and one member appointed by the district judge or by a majority of the district judges in the county. 68 O.S. 2001, §§ 2861[68-2861](A), (B); 3005.1(A). The excise board must meet at the county seat no later than July 1 of each year and continuing thereafter as needed. Id. § 3006.
Pending approval of final budget figures, the excise board may make temporary appropriations to the various political subdivisions. 68 O.S. Supp.2006, § 3020(A). The excise board may also make supplemental or additional appropriations to a given political subdivision upon a showing of need, subject to the amount of revenues available for the year. Id. § 3021. While the board of county commissioners is empowered to make recommendations on the total amount of funds that may be used for salaries within the various county offices, the approval of funding for such offices "shall continue to be the responsibility of the county excise board." 19 O.S. Supp.2006, § 180.65(D).
The powers and duties of a county excise board in a non-budget board county are set forth in 68 O.S. 2001, §§ 3006-3007[68-3006-3007]. Section 3006 provides for the organization of the excise board, declaring:
 In its functioning it is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution, and as such it is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided.
Id. Section 3007 sets forth the budgetary powers of county excise boards. In particular, subsection (2), about which you ask, provides the excise board shall:
 (2) Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law or that may be contrary to law, or in excess of needs, as determined by the excise board, said items shall be ordered stricken and disregarded. If the amount as to any lawful item exceeds the amount authorized by law, it shall be ordered reduced to that extent; otherwise, the excise board joins in responsibility therefor.
Id. (emphasis added).
The issue of whether, or to what extent, a county excise board has power to modify or deny funding to a particular entity was recently decided by the Oklahoma Court of Appeals in Board of CountyCommissioners. v. Excise Board of Sequoyah, 132 P.3d 615 (Okla.Civ.App. 2005) [hereinafter Sequoyah County]. In Sequoyah County the board of county commissioners had proposed funding for a 911 trust authority and a jail trust authority, neither of which had submitted an estimate of needs. Id. at 616. The county excise board turned down the request for funding of these two trusts, instead allocating the amounts requested to the county treasurer, county clerk, court clerk and sheriff's office, thereby increasing the funding for these offices. Id. A district court held the action of the excise board unlawful. Id. In reversing the district court's judgment, the court in Sequoyah County explained:
 Prior to 1979, county excise boards had no authority to reject an appropriation made for a lawful purpose if there were sufficient funds to defray the expense. However, "[t]he law governing the county budgetary scheme was significantly changed in 1979." Summey v. Tisdale, 1982 OK 133, ¶ 13, 658 P.2d 464, 468 n. 21. "The terms of 68 O.S.1971 § 2487 [now § 3007] were amended to authorize county excise boards to strike from the budget requests items that are `in excess of needs.'" Id. at ¶ 17, 658 P.2d at 469. Under the current statutory scheme: The Board functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded.
 Summey, 1982 OK 133, ¶ 10, 658 P.2d at 467, citing 68 O.S. 1971 § 2486[68-2486] (now § 3006).
 In apportioning taxes, county excise boards act "in the capacity of a legislature." The boards have discretion in determining the budgets of county offices. In Summey, the Court addressed whether a county excise board had the discretion to reduce the salary rate proposed by principal county officers for their deputies. The Court concluded, "The 1979 changes in the statutory scheme evince clear legislative intent to give county excise boards discretion to approve salaries as well as to reduce the amount requested when the proposed budget reflects that the salary rate is in excess of needs." Summey, 1982 OK 133, ¶ 17, 658 P.2d at 469. . . . "[I]n the absence of arbitrary or capricious behavior, the Board may strike or disregard any item which it determines to be in excess of needs.
Id. at 618 (citations omitted) (emphasis added). Thus, in the absence of a showing of arbitrary or capricious behavior or an abuse of discretion, the Court held the excise board had authority to deny funding for the trust authorities. Id. at 619. Significantly, the Oklahoma Supreme Court did not find a need to review the holding of the Court of Civil Appeals.Bd. of County Comm'rs v. Excise Bd., 132 P.3d 615 (Okla.Civ.App. 2005),cert. denied, DF-100653 (Okla. 2006), available at

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=100653db=Appellatesubmitted=true.

In a non-budget board county such as Kay or Sequoyah, we conclude the excise board has discretionary authority to deny funding for items it finds are in excess of needs.
 II. BUDGET BOARD COUNTIES
The powers of a county excise board in a county which has elected pursuant to the Budget Board Act, 19 O.S. 2001, § 1403[19-1403], to utilize a budget board are provided in statutes not applicable to a non-budget board county. By adopting the Budget Board Act in 1981, the Legislature authorized counties which specifically elect to come under the Act to create a new entity — the "budget board" — and utilize this board in formulating a county budget. See 1981 Okla. Sess. Laws ch. 166, §§ 1 — 21. Originally, a budget board could only be established in counties with a population of more than 200,000. This requirement was changed in 1986 to allow counties of any population to create such a board. See 1986 Okla. Sess. Laws ch. 135, § 3. Essentially, a budget board takes over the role of the board of county commissioners in a non-budget board county with respect to developing a budget.
Membership of the county budget board includes each elected county officer and is headed by the chair of the board of county commissioners. 19 O.S. 2001, § 1407[ 19-1407]. "The county budget board shall prepare for each budget year a budget for each fund whose activities require funding through appropriation from the budget board." Id. § 1408. A county budget must be prepared by the budget board at least 30 days prior to the next fiscal year, and must include actual revenues and expenditures for each fund for the previous year as well as projected revenues and expenditures (including bond sinking funds) for the coming fiscal year. Id. § 1410(A). "On or before a date set by the county budget board, the county excise board shall provide a tentative estimate of anticipated revenues from all sources, classified by funds, for the [next] fiscal year." Id. § 1411(A). Based on such revenue estimates and information on the cost of operating each county department or office, and after meetings with the budget board, the heads of such county offices prepare budgets for each fund dependent on county appropriation.Id. § 1411(B), (C). The county budget board holds a public hearing on the proposed county budget not less than 15 days prior to the beginning of the next budget year and takes public comments on any and all aspects of the budget. Id. § 1412. "After the [public] hearing and at least seven (7) days prior to the beginning of the budget year, the county budget board shall adopt the budget" including items for each fund with proposed expenditures not exceeding the estimate of revenues for each fund. Id. § 1413(A). "The budgets as adopted and filed with the [county] excise board shall constitute an appropriation for each fund, subject to final approval of the county excise board." Id. § 1413(C). At this point the county budget becomes subject to approval of the county excise board.
Section 1414 of the Budget Board Act, to which you refer, provides the powers and duties of the excise board in budget board counties as follows:
 A. The county excise board shall examine the county budgets. The excise board may take the following actions on the budgets:
 1. For any items or amounts which are not authorized by law or which may be contrary to law, the unlawful amounts or items shall be stricken and disregarded;
 2. Any amount which exceeds the lawful amount authorized by law shall be reduced to the extent authorized by law;
 3. If any items or amounts are mandated by law and not provided for the county excise board shall return the budget to the county budget board to revise the budget to provide for the mandated items or amounts. The county budget board shall revise or amend the budget as needed and resubmit the budget within fifteen (15) days of the return by the excise board;
 4. If any portion of the budget of revenues to be derived from ad valorem property tax exceeds the amount of tax which is available for appropriation, as finally determined and computed by the county excise board, the excise board shall return the budget to the county budget board to revise or amend the budget as needed and resubmit the budget within fifteen (15) days of the return by the excise board;
 5. If any reduction or amendment in the budget is required by the computations of Section [3017][2]
of Title 68 of the Oklahoma Statutes, the county excise board shall note these and return the budget to the county budget board to revise or amend the budget as needed and resubmit the budget within fifteen (15) days from the date of the return by the excise board; and
 6. If the budget is within the income and revenues lawfully available, the excise board shall approve the budget and compute the levy required.
 B. At the time required by law, the county excise board shall compute the appropriations and levy the taxes necessary for the county for the budget year in accordance with this act and Section [3017] of Title 68 of the Oklahoma Statutes.
 C. The secretary of the county excise board shall certify the approved budget to the county budget board, the county treasurer and the State Auditor and Inspector. A copy of the budget as adopted and approved by the excise board shall be filed in the offices of the county clerk, the secretary of the county excise board and the State Auditor and Inspector.
Id. (emphasis added) (footnote added). A taxpayer may protest any alleged illegality of the budget within 15 days of its filing with the State Auditor and Inspector (19 O.S. 2001, § 1415[19-1415]), subject to further review by the Court of Tax Appeals. 68 O.S. 2001, §§ 3023[68-3023] — 3033. The parts of Section 1414(A), emphasized above, give rise to your question. Under this statutory system we conclude the county excise board in a budget board county has less authority to amend the budget or delete or add items than under the County Budget Laws applicable to non-budget board counties.
 CONCLUSION
No reported cases directly compare the provisions of the Budget Board Act in Section 1414(A) with 68 O.S. 2001, §§ 3006-3007[68-3006-3007], but we believe such would be an "apples to oranges" comparison. Plainly, Section 1414(A) does not authorize an excise board in a budget board county to strike or disregard items "in excess of needs, as determined bythe excise board" as provided in 68 O.S. 2001, § 3007[68-3007](2). We must presume, in comparing the two statutes, the Legislature was aware of the difference in wording, and chose not to alter the language in the Budget Board Act. In other words, the Legislature "meant what it said" and said what it meant in leaving the discretionary language out of Section 1414(A). Rapp v. Okla. Tax Comm'n, 27 P.2d 157, 159 (Okla. 1933). The terms of Section 1414(A) are not ambiguous, and where the intent of the Legislature is clearly expressed, further statutory construction is not necessary. Id.; see Cox v. Dawson, 911 P.2d 272, 276
(Okla. 1996). Thus, we conclude the discretionary power of a county excise board in a budget board county is substantially less than that held by an excise board in a non-budget board county and such was by design of the Legislature. The provisions of Section 1414(A) of Title 19 and 68 O.S. 2001, § 3007[68-3007](2), while different, are not in conflict. They simply apply to different situations, i.e., one where a county has adopted the Budget Board Act and one where it has not.
 It is, therefore, the official Opinion of the Attorney General that:
 1. The role of a county excise board in a budget board county, under 19 O.S. 2001, § 1414[19-1414](A), and in a non-budget board county under 68 O.S. 2001, § 3007[ 68-3007](2), are different, by design of the Legislature. In a budget board county under 19 O.S. 2001, § 1414[19-1414](A), the county excise board lacks discretionary power to strike or disregard items in excess of needs. In a non-budget board county, the county excise board has discretion under 68 O.S. 2001, § 3007[68-3007](2) to strike or disregard items in excess of needs, as determined by the excise board, acting in a manner that is not arbitrary or capricious, nor amounting to an abuse of discretion. Bd. of County Comm'rs v. Excise Bd., 132 P.3d 615, 618 (Okla.Civ.App. 2005). The intent of the Legislature, plainly expressed, is to grant different powers to the county excise board in the two categories of counties. See Cox v. Dawson, 911 P.2d 272, 276 (Okla. 1996); Rapp v. Okla. Tax Comm'n, 27 P.2d 157, 159 (Okla. 1933).
 2. The powers of a county excise board under 19 O.S. 2001, § 1414[19-1414], and 68 O.S. 2001, § 3007[68-3007], while different, are not in conflict because they apply to different situations.
 3. Whether a particular action of a county excise board is arbitrary, capricious, or amounts to an abuse of discretion involves questions of fact that cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LYNN C. ROGERS ASSISTANT ATTORNEY GENERAL
[1] Kay County and Sequoyah County, the subjects of this Opinion, have not elected to come under the Budget Board Act; each therefore utilizes the process set out in the County Budget laws.
[2] Section 2497, titled "Computation of Appropriations-Procedure" was renumbered as Section 3017 by 1988 Okla. Sess. Laws ch. 162, § 163; however, it is still referred to as Section 2497 in 68 O.S. 2001, § 1414[68-1414](A)(5).