2009 OK CIV APP 91

Billy Monroe HICKS,
Petitioner/Appellant,

v.

STATE of Oklahoma ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS,
Respondent/Appellee.

No. 104,650.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Aug. 14, 2009.

Certiorari Denied Oct. 26, 2009.

Billy Monroe Hicks, McAlester, OK, Appellant, Pro se.

Michael T. Oakley, General Counsel, Ronald A. Anderson, Assistant General Counsel, Department of Corrections, Oklahoma City, OK, for Appellee.

JERRY L. GOODMAN, Presiding Judge.

¶ 1 Pro-se appellant Billy M. Hicks (Hicks) appeals the trial court's April 20, 2007, order dismissing his petition for a writ of manda-

mus which sought an order to compel the Department of Corrections (DOC) to exercise its discretion and respond to Hicks' grievances. The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(a)(2), 12 O.S.2001 and Supp.2003, ch. 15, app. 1. We issued an opinion in this matter on April 13, 2009. Hicks has subsequently filed a number of post-opinion motions and materials we will address at the end of this opinion. DOC filed a Petition for Rehearing which we sustained. We therefore withdraw our earlier opinion and in lieu thereof issue this opinion. Based upon our review of the facts and applicable law, we affirm in part and reverse in part.

## FACTS

¶ 2 Hicks is in DOC custody. He filed several Requests,[1] and later, Grievances[2] with DOC, the details of which will be discussed. After those Grievances were denied, Hicks filed a petition in Oklahoma County District Court seeking a writ of mandamus to compel DOC to act on those Grievances, arguing that DOC has failed to provide him with materials necessary to prosecute his Grievances and further, that DOC has failed to follow its grievance procedures and answer those he has filed. Hicks' dispute with DOC is this: he did not receive a response to a Request to Staff; he received answers, with which he disagrees, to all but one of his Grievances; and DOC should be compelled to comply with his demands. With regard to the unanswered grievance returned by DOC for failure to comply with DOC grievance procedure, he wants a determination on the merits.

¶ 3 DOC answered by filing a motion to dismiss, a procedure not recognized in mandamus practice. See, 12 O.S.2001, §§ 1457, 1459, set out below. However, because we are given authority under § 1459 to construe and amend the pleadings in order to frame the issues, we choose to treat DOC's motion to dismiss as the functional equivalent of an

---

1. Requests to Staff—A system of two-way communication between staff and inmates to resolve complaints/issues informally. (DOC:OP–090124–www.doc.state.ok.us/offtech/op090124.pdf)

2. Inmate/Offender Grievance—The formal complaint by the inmate/offender using the "Inmate/Offender Grievance Report Form." Id.

answer. As such, DOC denied that the prerequisites for a writ of mandamus were met and asked the trial court to deny Hicks' motion for the writ.

¶4 The issue before the trial court having been put, *i.e.*, the sufficiency of Hicks' request for mandamus, the trial court entered an order stating certain facts, the law regarding mandamus, and its analysis of Hicks' request. The order ends with the trial court's legal conclusion that Hicks failed to show entitlement to the extraordinary relief of a writ of mandamus and his petition was dismissed. Hicks appeals.

## STANDARD OF REVIEW

¶5 In a mandamus proceeding, the party aggrieved by the trial court's decision has the burden to "show on appeal that the trial court abused its discretion" in making its decision. *Clay v. Independent School Dist. No. 1 of Tulsa County,* 1997 OK 13, ¶31, 935 P.2d 294, 307; *Board of County Com'rs of Sequoyah County v. Excise Bd. of Sequoyah County,* 2006 OK CIV APP 28, ¶4, 132 P.3d 615, 617.

## ANALYSIS

¶6 Hicks filed his petition for a writ of mandamus on March 26, 2007. DOC filed its answer on April 18, 2007. According to 12 O.S.2001, § 1459, no other pleadings are allowed and the issue is thus joined:

> No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner, as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action.

¶7 The trial court reviewed the pleadings and determined that a single legal issue was presented: Is Hicks entitled to a writ of mandamus? The trial court determined that no evidentiary hearing was necessary, presumably because additional evidence was not necessary to resolve the legal issue presented.

¶8 To obtain a writ of mandamus, a petitioner must show:

1) a clear legal right vested in the petitioner, 2) refusal to perform a plain legal duty which does not involve the exercise of discretion, and 3) adequacy of the writ and inadequacy of other relief.

*Draper v. State,* 1980 OK 117, ¶13, 621 P.2d 1142, 1147.

¶9 The trial court determined as a matter of law that Hicks' petition did not show he had a clear legal right to a writ and dismissed the petition in an order filed April 20, 2007.

¶10 We find no merit to Hicks' argument that he was entitled to an opportunity to respond to DOC's answer and to an evidentiary hearing. To re-iterate, in an action seeking a writ of mandamus, only those pleadings authorized by statute may be filed; no others are allowed. Further, an evidentiary hearing is not required, but may be held at the trial court's discretion. *See* Okla. Dist.Ct.R. 4(h), 12 O.S.2001 and Supp.2002, ch. 2, app. After reviewing this record, we find no need for an evidentiary hearing or additional material. Hicks has submitted voluminous evidentiary material which either shows entitlement to a writ, or not. The facts presented are undisputed. Any remaining unanswered questions are questions of law.

¶11 As a general rule, "exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." *Silver Griddle Co. v. City of Oklahoma City,* 1977 OK 153, ¶22, 570 P.2d 619, 622. Specifically, a prisoner in the custody of DOC is required to "completely exhaust all available administrative remedies on all potential claims against . . . the Department of Corrections . . . prior to initiating an action in district court." 57 O.S.2001 and Supp.2006, § 564. To meet this requirement, a prisoner is "required to exhaust the grievance process prior to filing a lawsuit." That grievance process is set out in DOC:OP–090124 Inmate/Offender Grievance Process. DOC's grievance process provides four steps: an informal, initial attempt (OP–090124 IV(A)), request to staff (IV(B)), grievance (V(A)) and appeal (VII).

Each of those must be pursued to conclusion before a prisoner will have satisfied 57 O.S. 2001 and Supp.2006, § 564's exhaustion requirement. (DOC:OP–090124, VII(D)(1)). After the grievance process has been concluded, a prisoner may appeal the decision of the administrative review authority for judicial review. *Id.*

¶ 12 Mandamus is not available to review the merits of DOC's decision in responding to prisoner grievances; however, mandamus relief is appropriate to compel DOC to perform the administrative functions specified in the Inmate/Offender Grievance Process to arrive at that decision. "Mandamus is proper only to compel an officer to perform a ministerial duty required by law." *Melton v. City of Durant*, 1974 OK 56, ¶ 10, 521 P.2d 1372, 1374.

¶ 13 We next review the specific issues raised by Hicks.

*Hick's Request to Staff*

¶ 14 The record contains the following "Request to Staff" forms filed by Hicks on the dates specified: 1) March 12, 2007, regarding return of certain confiscated papers, not belonging to him, stored in his cell in violation of DOC rules; 2) February 1, 2007, regarding access to the law library; 3) March 19, 2007, regarding access to the law library; 4) March 26, 2007, regarding access to the law library;[3] 5) Request for legal materials, including typing paper and forms, specifically, an ink pen; 6) March 29, 2007, regarding another request for an ink pen;[4] 7) April 16, 2007, regarding free postage; and 8) October 23, 2006, request for additional protection from fellow inmates.

¶ 15 Request No. 1 for return of confiscated material went unanswered. (DOC:OP–090124 IV(B)(7)). Requests Nos. 2, 3, and 4, regarding law library access, Requests Nos. 5 and 6, regarding an ink pen, and Request No. 7, regarding postage, were answered and denied by DOC. (DOC:OP–090124(IV)(B)(4)) Request No. 8 for additional protection from

fellow inmates was answered but deemed moot because Hicks had been transferred to another cell before DOC received that request.

*Hicks' Grievances*

¶ 16 On April 5, 2007, Hicks signed a "Grievance Report Form" protesting the denial of his requests for access to the library (Request Nos. 2, 3, and 4 above) and the denial of his request for an ink pen (Request Nos. 5 and 6 above). (DOC:OP–090124(V)(A)) Request No. 7, regarding postage, was never the subject of a grievance.

¶ 17 Another Grievance was filed on December 28, 2006, regarding his request for additional protection (Request No. 8 above). In a letter dated January 17, 2007, DOC responded to this latter Grievance by forwarding it to the Warden for his review. The Grievance was returned on March 27, 2007, because the Grievance raised more than one issue per grievance form, which is a violation of DOC rules. (DOC:OP–090124(V)(A)(4)) According to evidentiary material submitted to this Court after the appeal was initiated, but which was not before the trial court when it rendered its decision, Hicks amended his Grievance and resubmitted it. DOC instructed Hicks not to resubmit a grievance regarding this issue because Hicks had failed to follow DOC rules regarding timely filing of grievances. (DOC:OP–090124(V)(A)(1)).

¶ 18 Thus, it appears from a review of the record presented to the trial court, that of the eight (8) Requests made to DOC staff, seven were answered or denied by DOC and thus eligible to be advanced by Hicks to the next step, that of a formal grievance. (DOC:OP–090124(V)) Hicks chose not to file a grievance regarding his first Request, the return of his confiscated papers, and that Request is not reviewable because of his failure to exhaust his administrative remedies.

---

3. In each case, Hicks requested unfettered access to the law library. DOC rules permit access only when a filing deadline is approaching. Hicks had no such deadline. DOC would permit Hicks access when he was eligible.

4. Hicks had his ink pens confiscated and removed for what we presume were security reasons.

¶ 19 Of the seven remaining Requests, five were made the subject of formal Grievances, were denied by DOC, but not appealed. Therefore, Hicks failed to exhaust available administrative remedies regarding these issues and they are not subject to judicial review. 57 O.S.2001 and Supp.2006, § 564.

█ ¶ 20 Of the two remaining Requests, that of free postage and DOC's failure to adequately protect him, Hicks failed to file a grievance of the denial of his request for free postage, thus failing to exhaust his administrative remedies, and therefore has not preserved that issue for trial court review.

¶ 21 The remaining Request, that of adequate protection, was initially responded to by DOC by returning it unanswered on March 1, 2007, with instructions to the unit manager, a DOC employee, to answer the Request. This was done and the Request was then sent to the Warden for further review. The Request was denied because by the time of the Warden's review, Hicks had been moved to a different cell and DOC determined the need for additional protection was moot.

¶ 22 Nevertheless, Hicks filed a Grievance. The Grievance was returned to him on March 27, 2007, for non-conformity to prison rules. ("Your grievance is being returned for the following reason(s): ... '11. more than 1 issue—only 1 issue allowed.'") The letter also contained the following instruction:

23. Other: If you wish to advance your issue of denial of adequate protection, you need to follow instructions provided to you in the response to this grievance dated 3/1/07.

¶ 23 A May 17, 2007, letter stated: "20. You have failed to follow previous instructions for filing this grievance. Due to your continued failure to properly file the grievance you are now out of time." The letter continued: "23. Other: On 3/27/07 you were provided instructions from this office regarding the advancement of your issue of inadequate protection. You did not follow the instructions provided by this office at that time. Do not resubmit this issue...."

¶ 24 DOC's argument on rehearing is that a prisoner is not entitled to a clear grant or denial of their grievance. DOC argues a third option exists: that DOC can simply not reply to an actionable grievance in the case of a prisoner's failure to comply with the required procedures for submitting such a grievance, i.e., DOC contends it can return a grievance unanswered for failure to follow the correct submission procedures, thereby causing the prisoner's administrative remedies to remain unexhausted.

¶ 25 This opinion should not be interpreted to limit DOC's ability to resolve grievances or establish procedures to do so. However, DOC's response to Hicks in this instance gave rise to the problem we addressed in our first opinion. Here, Hicks was told in the May 17, 2007, letter: "Do not resubmit this issue...." This was due to his failure to exactly follow the submission procedure. Our concern is not DOC's decision to return the defective Grievance unanswered for failure to follow the submission procedure. Rather, Hicks is directed not to resubmit the issue, then when he appeals, DOC asserts his failure to exhaust administrative remedies as an affirmative defense. Clearly, DOC can provide a grievance procedure and require inmates to comply with that procedure. It can reject non-conforming grievances and require them to be refiled or it can deny a grievance for failure to comply with the required procedures. It cannot reject a non-conforming grievance and prohibit the refiling of a conforming grievance. DOC's response does not permit Hicks to correct his defective Grievance, resubmit it, and thus exhaust his remedies.

¶ 26 As we set out above, Hicks attempted to comply with this instruction, but his Grievance continues to be returned unanswered. It is not clear whether the letters dated March 27, 2007, and May 17, 2007, constitute a formal denial of Hicks' Grievance. Hicks is entitled to have that Grievance resolved (DOC:OP–090124, VI(B)(5)) so that, if unsatisfied with the resolution, he can then pursue an appeal which cannot be defeated by the defense of failure to exhaust all available administrative remedies. From the record before us, it is uncertain whether Hicks has

exhausted his administrative remedies regarding this issue, and thus whether the trial court has jurisdiction to resolve that issue in its order. We must therefore remand for a determination of the facts necessary to conclude whether the denial of mandamus relief was appropriate.

¶27 We do not address the merits of Hicks' Grievance nor is Hicks relieved of any obligation to comply with all court rules regarding the timely submission of this issue to the district court. We simply hold that until DOC clearly answers Hicks' Grievance, he may be entitled to a writ so compelling.

¶28 As a consequence of this analysis, we affirm in part and reverse in part the trial court's order. We affirm the trial court's implicit determination that Hicks has exhausted his administrative remedies regarding the issues of his access to the law library and the provision of ink pens. Those issues were preserved in Hicks' Request to Staff, were answered and denied by DOC. They were then preserved by Hicks in formal Grievances, which in turn were denied by DOC. Those issues were properly before the trial court which correctly determined that DOC's denial of those requests did not give rise to Hicks' right to mandamus.

¶29 Hicks' grievance about a right to free postage and the confiscation of another's papers from Hicks' cell were not preserved either for administrative or district court review.

¶30 We reverse the trial court's judgment regarding the issue of Hicks' request for adequate protection.

### Disposition of Post–Judgment Motions by Hicks

¶31 Hicks filed several motions after the initiation of his appeal, the disposition of which were deferred to this Court for resolution.

¶32 Hicks' motion for an evidentiary hearing, filed July 9, 2007, is denied, as the facts he seeks to establish are not relevant to the issues properly before the trial court, as set out above.

¶33 Hicks' motion for appointment of counsel for the above-referenced evidentiary hearing is denied as moot.

### Post–Trial Issues Raised

¶34 Following the trial court's entry of judgment, Hicks filed in this Court on June 4, 2007, a designation of record containing additional evidentiary material that was not before the trial court when it rendered its decision. Hicks, for the first time on appeal, submits an additional Request and Grievance for our review. Hicks filed a Request and affidavit on June 29, 2007, alleging his mail was being delayed by DOC employees. We are not presented with any direct response to that Request. However, Hicks does submit a letter, sent by DOC to another inmate with a similar request, as evidence of DOC's denial of Hicks' Request. This Court will not consider any evidentiary material regarding that issue in this appeal. Those materials were not before the trial court, were not ruled on by the trial court, and are not properly before us on appeal.

¶35 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.**

WISEMAN, V.C.J., and FISCHER, J., concur.